FILED
SEP - 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN POSTAL WORKERS UNION, )
AFL-CIO )
1300 L Street, N.W. )
Washington, D.C. 20005, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　)
　　v. )
　　　　　　　　　　　　　　　　　　　　　)
UNITED STATES POSTAL SERVICE, )
475 L'Enfant Plaza, S.W. )
Washington, D.C. 20260, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant. )
　　　　　　　　　　　　　　　　　　　　　)

CASE NUMBER 1:05CV01771
JUDGE: Henry H. Kennedy
DECK TYPE: Labor/ERISA (non-employment)
DATE STAMP: 09/06/2005

## COMPLAINT

1.　　This is an action for breach of a collective bargaining agreement brought in accordance with Section 15 (b) of the Postal Reorganization Act, 39 U.S.C. § 1208 (b), by the American Postal Workers Union, AFL-CIO against the United States Postal Service. In this action, Plaintiff seeks an order enforcing and directing Defendant's compliance with an April 29, 2003, arbitration award issued by Arbitrator Carlton J. Snow.

### JURISDICTION AND VENUE

2.　　This Court has jurisdiction over this action under the Postal Reorganization Act, 39 U.S.C. §§ 409 and 1208, and under 28 U.S.C. §§ 1331 and 1337.

3.　　Venue properly lies in this court pursuant to 39 U.S.C. § 1208 and 28 U.S.C. § 1391.

### PARTIES

4.　　Plaintiff American Postal Workers Union, AFL-CIO is an unincorporated labor organization with headquarters at 1300 L Street, N.W., Washington, DC 20005. Plaintiff is

recognized as the exclusive bargaining representative of postal clerks as well as other classifications of employees of the Postal Service in accordance with 39 U.S.C. § 1203.

5.  Defendant United States Postal Service is, in accordance with 39 U.S.C. § 201, an independent establishment of the executive branch of the United States Government. Postal Service headquarters are located at 475 L'Enfant Plaza, S.W., Washington, DC 20260.

## FACTUAL ALLEGATIONS

6.  At all material times, Plaintiff and Defendant have been parties to a collective bargaining agreement that sets forth the terms and conditions of employment of employees in bargaining units represented by Plaintiff at various Postal Service facilities throughout the United States.

7.  On December 13, 1999, Plaintiff and Defendant executed an agreement negotiated by the parties and entitled "USPS Settlement Agreement, NLRB Case No. 5-UC-353" (hereinafter "Settlement Agreement").

8.  By its terms, the Settlement Agreement "represents an understanding between the parties to fully and completely resolve any and all issues, and all currently pending grievances regarding the above-captioned Unit Clarification petition."

9.  By its terms, the Settlement Agreement also recognizes that "[i]n initiating the several August 27, 1998 grievances, the APWU intended to broadly encompass disputes over whether the positions belong in the bargaining unit or whether the positions contain duties which should be assigned to the bargaining unit. The parties shall apply the national level arbitration awards which are issued as a result of this settlement agreement as broadly as possible in an effort to resolve other pending EAS grievances raising the same or similar issues or arguments."

10. The Settlement Agreement specified grievances filed by Plaintiff that, unless resolved before arbitration, the parties agreed to arbitrate, including Plaintiff's grievance concerning the "Address Management System Specialist" ("AMS Specialist") position, which was assigned case number Q94C-4Q-C 98117564 by Defendant.

11. In accordance with the Settlement Agreement, the parties arbitrated Case No. Q94C-4Q-C 98117564 over two days of hearings before Arbitrator Carlton J. Snow on February 22 and July 23, 2002.

12. Arbitrator Snow issued an award in Case No. Q94C-4Q-C 98117564 dated April 29, 2003.

13. Arbitrator Snow's award sets out the following holding:

### AWARD

Having carefully considered all evidence submitted by the parties concerning this matter, the arbitrator concludes that the "Address Management System Specialist" position is a part of the APWU bargaining unit and that it is a violation of Article 1.2 of the National Agreement to exclude the position and the disputed work from the bargaining unit. The arbitrator shall retain jurisdiction in this matter for ninety days from the date of the report in order to resolve any problems resulting from the remedy in the award. It is so ordered and awarded.

14. The decision of Arbitrator Snow in Case No. Q94C-4Q-C 98117564 is final and binding.

15. Upon information and belief, Defendant has directed its local-level managers not to arbitrate or resolve any grievances concerning the AMS Specialist position or work, or citing, relying upon, or otherwise referring to Arbitrator Snow's April 29, 2003, award in Case No. Q94C-4Q-C 98117564.

16. Defendant refuses to arbitrate or resolve any grievances concerning the AMS Specialist position, including a grievance arising in Asheville, North Carolina in USPS Grievance No. C00C4CC03175549.

17. By its actions and inaction, Defendant has failed and refused to comply with Arbitrator Snow's April 29, 2003, award in Case No. Q94C-4Q-C 98117564 and implement the award's holding.

18. By failing and refusing to comply with Arbitrator Snow's April 29, 2003, award in Case No. Q94C-4Q-C 98117564, Defendant has violated and continues to violate its contractual obligations to Plaintiff.

## COUNT I
### (ENFORCE ARBITRATION AWARD)

19. Plaintiff alleges paragraphs one through eighteen above as though fully set forth herein.

20. Defendant has failed and refused to comply with Arbitrator Snow's April 29, 2003, award in Case No. Q94C-4Q-C 98117564 and implement the award's holding.

WHEREFORE, Plaintiff prays that this Court issue a decision and order:

(A) Enforcing and directing Defendant to comply with Arbitrator Snow's April 29, 2003, award in Case No. Q94C-4Q-C 98117564;

(B) Directing Defendant to pay in full Plaintiff's attorneys' fees and costs in this action; and

(C)     Granting Plaintiff such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II
(COMPEL ARBITRATION OF AMS SPECIALIST GRIEVANCES)

21.     Plaintiffs allege paragraphs one through twenty above as though fully set forth herein.

22.     The grievance arising in Asheville, North Carolina in USPS Grievance No. C00C4CC03175549 concerns the same or similar issues or arguments raised in the AMS Specialist grievance and resolved by Arbitrator Snow's April 29, 2003, award in Case No. Q94C-4Q-C 98117564.

23.     By refusing to arbitrate the grievance arising in Asheville, North Carolina in USPS Grievance No. C00C4CC03175549, and other similarly-situated grievances, Defendant has failed and refused to comply with the settlement agreement.

WHEREFORE, Plaintiff prays that this Court issue a decision and order:

(A)     Directing Defendant to arbitrate all grievances concerning the Address Management System Specialist position or work, or citing, referring to, or otherwise referencing Arbitrator Snow's April 29, 2003, award in Case No. Q94C-4Q-C 98117564, including USPS Grievance No. C00C4CC03175549;

(B)     Directing Defendant to pay in full Plaintiff's attorneys' fees and costs in this action; and

(C)     Granting Plaintiff such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

Date: September 6, 2005         By:   *Anton G. Hajjar* /MKH/
                                      Anton G. Hajjar (DC Bar No. 359267)
                                      ahajjar@odsalaw.com

                                      *Melinda K. Holmes*
                                      Melinda K. Holmes (DC Bar No. 458043)
                                      mholmes@odsalaw.com

                                      1300 L Street, N.W., Suite 1200
                                      Washington, D.C. 20005
                                      (202) 898-1707