UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN POSTAL WORKERS UNION, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-1771 (HHK) |
| UNITED STATES POSTAL SERVICE, ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR CONSOLIDATION AND STAY**

Defendant United States Postal Service, by its undersigned counsel, respectfully moves the Court under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for an order dismissing Plaintiff's Complaint without prejudice, or alternatively, for an order consolidating this case[1] with American Postal Workers Union v. United States Postal Service, Civil No. 04-1404 (HKK) and then staying the consolidated case until the National Labor Relations Board decides the representation issue now before it in the underlying administrative litigation in this matter. In support of this Motion and filed herewith is a memorandum of points and authorities with exhibits and a proposed order.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

---

[1] The district court can consolidate cases pursuant to LCvR 40.5(d) (concerning cases before different judges).

          /s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

          /s/
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0372

OF COUNSEL:

Peter J. Henry
Labor Counsel
United States Postal Service

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN POSTAL WORKERS UNION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-1771 (HHK)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR CONSOLIDATION AND STAY**

This suit concerns the same general issues as the previously-filed <u>American Postal Workers Union v. United States Postal Service</u>, Civil No. 04-1404 (HKK), involving the parties' agreement to submit sequentially six grievances to a labor arbitrator. In the process of litigating the second of the six grievances, a procedural dispute arose between the parties as to the finality of the arbitrator's decision. In Civil No. 04-1404 (HHK), the American Postal Workers Union ("APWU") contended that the defendant should move past the second decision and select and submit the third grievance to the arbitrator. Defendant moved to dismiss that lawsuit.

In this lawsuit, APWU brings two claims under the Postal Reorganization Act, 39 U.S.C. §§ 409 and 1208, seeking enforcement of the arbitrator's second award, see Compl. at Count I, and an order compelling the Postal Service to arbitrate additional grievances, see Compl. at Count II. At bottom, the two cases are both seeking the same relief. As the Postal Service explained to the Court in the context of Civil No. 04-1404 (HHK), submission of the third grievance to arbitration would be premature pending the resolution of the outstanding issues related to the second grievance. For this same reason, it would be premature and improper for

the Court to order that the second decision is final and binding on the parties and that the Postal Service must arbitrate additional grievances at the lower level of the parties' grievance and arbitration process.

For the following reasons, the Postal Service respectfully requests that the Court dismiss the above-captioned action. In the alternative, the Postal Service respectfully requests the Court consolidate this case with Civil No. 04-1404 (HHK) and stay the consolidated case pending conclusion of ongoing administrative litigation in this matter.

First, the administrative litigation now underway may entirely resolve or significantly reduce the scope of outstanding issues. Specifically, a petition now pending review by the National Labor Relations Board ("NLRB" or "Board") may well resolve the underlying labor matter. Because the Board's resolution of the relevant statutory questions will control, the Court should defer to the Board's primary jurisdiction by dismissing the instant lawsuit without prejudice or, alternatively, consolidating and staying the two related cases pending the resolution of the administrative litigation.

Second, the procedural dispute at issue here is one which the parties are bound to arbitrate. Specifically, the procedural dispute concerns the fact that a separate union, the National Association of Letter Carriers (NALC), which intervened and was a party to the arbitration proceedings, has sought clarification from the arbitrator and contends that his decision violates the pre-award understanding of the parties. The Postal Service agrees and believes that the issues raised by the NALC call into question the fundamental rationale and underpinnings of the award. The arbitrator has not yet, and, because he passed away suddenly, cannot, rule on this issue. Accordingly, this Court should dismiss the instant suit for failure to exhaust

administrative remedies or, alternatively, because of mootness.

## BACKGROUND

A.    Civil No. 04-1404 (HHK)

The parties settled a unit clarification dispute before the NLRB by agreeing, *inter alia*, to arbitrate a series of six grievances before a single arbitrator. See Compl. in this case at ¶¶ 7-10. See also Ex. 1 to Defendant's Motion to Dismiss or in the Alternative for Stay (Def. Mot. to Dismiss), Document No. 8 in Civil No. 04-1440, Rachel Decl. ¶ 3 & Attach. 1 (1999 Unit Clarification Settlement).[2]  Pursuant to that settlement, the parties submitted the first and second grievances to the arbitrator. See Compl. in Civ. No. 04-1404 at ¶¶ 10-15. See also Defendant's Ex. 1 in Civil No. 1404, Rachel Decl. ¶¶ 5, 6 & Attach. 2 (USPS and APWU, Case No. H4C-4H-C 25455 (June 22, 2001) (Snow, Arb.)), Attach. 3 (USPS and APWU and NALC, Case No. Q94C-4Q-C 98117564 (April 29, 2003) (Snow, Arb.)).  However, the parties disagree about whether the conditions precedent to scheduling the third grievance have been met. See Compl. in Civ. No. 04-1404 at ¶¶ 16-19. See also Def. Mot. to Dismiss, Ex. 1 in Civil No. 04-1404, Rachel Decl. ¶ 8 & Attach. 4  thereto (Letter from Kevin Rachel to Cliff Guffey (Aug. 3, 2004)), & Attach. 5 thereto (Letter from Cliff Guffey to Kevin Rachel (Oct. 28, 2004)); Id. at Ex. 2, Letter from Melinda Holmes to Arbitrator Snow (June 25, 2003); Id. at Ex. 3, Letter from Howard Kaufman to Arbitrator Snow of June 26, 2003; Id. at Ex. 4, Letter from Melinda Holmes to

---

[2] This Background section relies on the facts as alleged in the Complaint, seen in the light most favorable to Plaintiff, and also cites documents from the administrative dispute in this matter which are subject to judicial notice.  These documents are provided for purposes of context, to make sense of the procedural posture of the parties' administrative dispute.  To the extent that these documents may provide support for or against the underlying substantive issues, they are not material to the Court's consideration of this Motion and may be ignored.

3

Arbitrator Snow (Mar. 17, 2004). The procedural dispute involves both the propriety of continuing to arbitrate the unit clarification grievances while the second decision is under consideration by the Board, and the finality of the second arbitration.

Shortly after receiving the second decision, a separate union, the National Association of Letter Carriers ("NALC"), wrote the arbitrator to request clarification of that decision. See Def. Mot. to Dismiss in 04-1404, Ex. 5, Letter from Keith Secular to Arbitrator Snow (June 18, 2003). The NALC had intervened in the arbitration of the second grievance and, without objection, became a party to the litigation of that grievance. See Rachel Decl. ¶ 7 & Attach. 3 at 1. In its request for clarification, the NALC argues that the second decision could be read to exceed the scope of the issue submitted to the arbitrator. See Def. Mot. to Dismiss in 04-1404, Ex. 5. Specifically, the NALC explained that the parties agreed to litigate only whether the job classification should be transferred to a bargaining unit but to postpone litigating the assignment of the affected employees to a specific union. Id. To support its position, the NALC cited the APWU's pre-award agreement to this approach. See Ex. 5 at 2 (citing Letter from Anton Hajjar to Arbitrator Snow of Sep. 19, 2002, attached thereto as Attach. D). The NALC asserts that, based on this understanding of the scope of the issue, it did not need to present evidence or argument concerning the specific bargaining unit to which the job classification at issue should be assigned. See Ex. 5.

The APWU and the Postal Service responded to the NALC request for clarification in separate letters to the arbitrator. The APWU stated that "the APWU does not believe your award needs to be clarified." Def. Mot. to Dismiss in 04-1404, Ex. 2. In its response, the Postal Service agreed with the NALC about the scope of the litigation and further explained that "the

4

issues raised by the NALC call into question the fundamental rationale and underpinnings of the award." Def. Mot. to Dismiss, Document No. 8 in 04-1404, Ex. 3 at 1. The Postal Service response concludes that the matter raised by the NALC "cannot be remedied merely by a clarification. The entire award must be withdrawn, and all parties be allowed to present additional evidence on the merits of the grievance." Id. at 2.

The second decision also raises statutory questions subject to the jurisdiction of the National Labor Relations Board ("NLRB"). On or about June 30, 2003, the Postal Service filed a unit clarification petition with Region 5 of the NLRB concerning the job classification at issue in the second decision, Def. Mot. to Dismiss, Document No. 8 in 04-1404, Ex. 6, but on September 30, 2003, the Regional Director dismissed the petition. Accordingly, the Postal Service requested review of the Regional Director's decision by the NLRB. See Def. Mot. to Dismiss, Document No. 8 in 04-1404, Ex. 7, USPS Unit Clarification Request for Review at 1, and Ex. 8 Order granting review. Stating that it "raises substantial issues warranting review," on December 24, 2003 the Board granted the Postal Service's Request for Review. See id. Before the Board, the Postal Service argues that the arbitrator misapplied Board law in rendering the second decision by unlawfully requiring hundreds of non-bargaining unit employees to be included in a bargaining unit without providing them an opportunity to exercise their rights under the National Labor Relations Act, specifically the right to be heard on whether they want to be in any bargaining unit. The Board is currently considering the Postal Service's argument that the second arbitration decision impermissibly ignores the free will of those employees who had never expressed any interest in joining a bargaining unit. See Def. Mot. to Dismiss, Document No. 8 in 04-1404, Ex. 7 at 1-2, 8-9; and Ex. 8.

B.     Civil No. 05-1771 (HHK)

In this lawsuit, APWU now alleges that the Postal Service has failed to comply with the second award, Case No. Q94C-4Q-C 98117564 (April 29, 2003). Compl. at ¶¶ 17-18, 20. This is, at bottom, very similar or functionally the same as the claim already before the Court in Civil No. 04-1404 (HHK), in which APWU is seeking to compel the Postal Service to move on in the series of grievances the parties had agreed to submit to arbitration. In this case, APWU seeks to have the Court find that the second award is in fact final, see Count I of the Complaint, and then compel the Postal Service to arbitrate a local grievance that raises the "same or similar issues or arguments raised in the AMS Specialist grievance," as addressed in the arbitrator's non-final second award concerning AMS Specialist Grievances. See Compl. at Count II, ¶ 22.

With respect to the finality of the second decision, the Declaration of Gary H. Mullins, Vice President of the NALC, attached as Ex. 1, explains that the arbitrator's second decision is in fact non-final because the NALC sought clarification of the decision and thus that enforcement of the second decision would be "premature." Mullins Decl. at ¶ 9. On June 26, 2003, the Postal Service wrote to the arbitrator to express its agreement with the NALC that the decision comes to a conclusion contrary to the express understandings of the parties as to what was being litigated. Id. at ¶ 8. Subsequently, in a letter dated March 17, 2004, the APWU requested the arbitrator resolve the NALC's clarification request. Id. Unfortunately, the arbitrator died before responding to the clarification request or responding to the post-decision correspondence from counsel for the unions and the Postal Service. Id. See also obituary, Ex. 1 to Document No. 10 (Suggestion of Mootness) in 04-1404. At the time of the arbitrator's death, the NALC's request to clarify the second decision was still pending and it remains pending. Id. at ¶ 9.

With respect to Count II of Plaintiff's Complaint in this case, the local grievance Plaintiff seeks to submit for arbitration merely refelects an application of the general issue addressed in the non-final second decision to particular facts in a particular location.  As the attached Declaration of Mary Hercules explains, see Ex. 2 attached, Ms. Hercules wrote the local area manager to "hold [in abeyance] regular level case number C00C-4c-C 03175549 because it involves the same or substantially similar issues or facts as national-level case number Q94C-4Q-C 98117564 . . . ."  Hercules Decl. at ¶ 4, and attachment 1 thereto.  Plaintiff concedes that the two cases involve the same or substantially the same issues.  Compl. at ¶ 22.

## LEGAL STANDARD

Defendant moves to dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Requests for dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and failure to state a claim pursuant to 12(b)(6) require different standards of review.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (2004).  In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."  Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.

Similarly, a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court is to treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiffs "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). The Court may consider certain additional evidence in deciding the motion. See EEOC v. St. Francis Parochial School, 117 F.3d 621, 624-25 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, we may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of

which we may take judicial notice."); Arizmendi v. Lawson, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion."). Applying these standards demonstrates that the Complaint should be dismissed.

## ARGUMENT

**I.   THE COURT SHOULD DEFER TO THE NLRB BY DISMISSING THIS SUIT OR STAYING FURTHER CONSIDERATION PENDING BOARD REVIEW.**

The posture of the current dispute militates in favor of deference to the Board prior to any judicial review of these issues. In general, the NLRB and the courts share concurrent jurisdiction over labor matters governed both by the National Labor Relations Act and the parties' collective bargaining agreement. See Carey v. Westinghouse Elec. Corp., 375 U.S. 261 (1964).[3] Although jurisdiction is shared, the NLRB has primary jurisdiction over representation issues, like the one presented by the Postal Service unit clarification petition. See Newspaper Guild v. Ottaway Newspapers, Inc., 79 F.3d 1273, 1283 (1st Cir. 1996). To the extent the arbitrator's decisions are not consistent with the NLRB's resolution of the applicable statutory issues, those awards would be entitled to no weight. Carey, 375 U.S. at 270.

---

[3] Section 1208(b) of the Postal Reorganization Act gives federal district courts jurisdiction over suits for violations of labor agreements, including suits to compel arbitration. Section 1208(b) is virtually identical to section 301(a) of the Labor-Management Relations Act, 29 U.S.C. §185(a), and the courts have applied cases interpreting section 301(a) in determining the scope of section 1208(b). USPS v. NALC, 959 F.2d 283, 286 (D.C. Cir. 1992). However, as explained infra, the Court lacks jurisdiction over Plaintiff's claims because they are moot.

9

> While the pendency of similar issues before the NLRB and the court, [sic] does not require dismissal or stay of a section 301 contract action, courts may decline to act where the issues presented fall within the scope of the NLRB's primary jurisdiction, as primary jurisdiction stems from the judiciary's deference to an administrative agency's expertise.

Newspaper Guild, 79 F.3d at 1284 (internal citations omitted).  See also Northern Cal. Dist. Council of HOD Carriers v. Opinski, 673 F.2d 1074 (9th Cir. 1982) (holding that a court may stay a suit to compel arbitration pending the NLRB resolution, though it should not dismiss the action if "further judicial proceedings are contemplated").  No further judicial challenges loom on the horizon in this case because the APWU, through the two related lawsuits before this Court, is seeking to move the arbitration process along to the third grievance and thereby resume the administrative process set forth by the settlement agreement.

The court has previously stayed consideration of a request to vacate which was filed two days prior to the filing of an unfair labor practice with the NLRB arising from the same underlying dispute.  See International Longshoremen's and Warehousemen's Union v. NLRB, 884 F.2d 1407, 1410 (D.C. Cir. 1989) (noting as part of procedural history the district court's decision to stay civil action pending resolution of the NLRB proceedings).  In contrast to International Longshoremen's, here the Postal Service's unit clarification petition preceded these two lawsuits by almost one and two years respectively.  It is therefore even more appropriate to stay this action because the Board could act at any time.

As discussed above, the Board is currently considering the Postal Service's argument that the second arbitration decision impermissibly ignores the free will of those employees who had never expressed any interest in joining a bargaining unit.  Def. Mot. to Dismiss, Document No. 8 in 04-1404, Ex. 7, USPS Request for Review at 1-2, 8-9.  Only last year, the NLRB found that an

10

employer illegally agreed with a union to accrete into the bargaining unit a group of eighty employees historically excluded from it. Kaiser Found. Hosp., 343 N.L.R.B. No. 8, 2004 NLRB LEXIS 590 (Sept. 30, 2004). The USPS Unit Clarification Request for Review presents substantially similar issues. While here an arbitrator's decision brought about the accretion rather than an agreement between the union and the employer, the statutory rights of the employees to determine whether or not to join a bargaining unit are similarly violated.

  Compared to a typical concurrent jurisdiction suit, this case is even more deserving of judicial deference to the Board's decision. First, the Board invoked its jurisdiction to review the arbitration decision following completion of arbitration and well before the suit to compel was filed. Therefore, the Board's decision may be handed down at any time.

  Second, it involves the arbitration of several related grievances in a series. Under the 1999 Unit Clarification Settlement, the grievances must be heard in sequence. Def. Mot. to Dismiss, Document No. 8 in 04-1404, Ex. 1, Rachel Decl. ¶ 3 & Attach. 1 (1999 Unit Clarification Settlement); Compl. ¶¶ 7-10. The settlement provides that "[t]he parties shall apply the national level arbitration awards which are issued as a result of this settlement agreement as broadly as possible in an effort to resolve other pending EAS grievances raising the same or similar issues or arguments." Def. Mot. to Dismiss, Document No. 8 in 04-1404, Ex. 1, Rachel Decl. ¶ 4 & Attach. 1. Accordingly, each grievance will constitute authority for succeeding awards to the extent relevant. Id. As a consequence, the decision currently subject to Board review may be cited as authority by either party during the litigation of the remaining four grievances. Because the NLRB may well overturn the second decision in whole or part, proceeding to succeeding cases in which the second decision may be precedent would be a waste

of resources, both because it risks having the parties re-visit the same ground, and because it will infect the litigation of the third grievance with unnecessary uncertainty over the meaning of the second.

Accordingly, the Court should defer to the NLRB's primary jurisdiction in unit clarification matters by dismissing the APWU suit to compel arbitration without prejudice or, in the alternative, to consolidate and then stay the two related cases pending Board resolution of the Postal Service unit clarification petition.

**II.     THE APWU HAS FAILED TO EXHAUST CONTRACTUAL REMEDIES TO RESOLVE A PROCEDURAL DISPUTE CONCERNING THE FINALITY OF THE SECOND DECISION AND REGARDLESS, THE CLAIM NOW HAS BECOME MOOT.**

Even absent Arbitrator Snow's death, this lawsuit would have to be dismissed for failure to exhaust administrative remedies. "The courts have jurisdiction to enforce collective bargaining contracts; but where the contract provides grievance and arbitration procedures, those procedures must first be exhausted and courts must order resort to the private settlement mechanisms without dealing with the merits of the dispute." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37 (1987). "[W]hen the subject matter of the dispute is arbitrable, 'procedural' questions which grow out of the dispute and bear on its final disposition are to be left to the arbitrator." Misco, 484 U.S. at 40; Teamsters Local Union No. 61 v. United Parcel Serv., Inc., 272 F.3d 600 (D.C. Cir. 2001).

Procedural questions encompass issues such as: the exclusion of evidence, Misco, 484 U.S. at 39-40; refusal to credit evidence, Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509-10 (2001); defenses to arbitrability like waiver and delay, Howsam v. Dean Witter

12

Reynolds, Inc., 537 U.S. 79, 84 (2002);[4] satisfaction of an agreement's quorum requirement in the union's absence, Teamsters Local, 272 F.3d at 602-06; and refusal to grant a postponement, recusal, or consider expert testimony, National Football League Players Assoc. v. Office and Prof. Employees Union, Local 2, 947 F. Supp. 540, 545 (D.D.C. 1996), aff'd, No. 96-7245, 96-7268, 1997 U.S. App. LEXIS 16355 (D.C. Cir. May 6, 1997) (per curiam).

Here, there is no dispute that the parties settled a unit clarification dispute before the NLRB by agreeing, *inter alia*, to arbitrate a series of six grievances before a single arbitrator. Def. Mot. to Dismiss, Document No. 8 in 04-1404, Ex. 1, Rachel Decl. ¶ 3 & Attach. 1 (1999 Unit Clarification Settlement); Compl. ¶¶ 7-10. Pursuant to that settlement, the parties submitted the first and second grievances to the arbitrator. Def. Mot. to Dismiss, Document No. 8 in 04-1404, Ex. 1, Rachel Decl. ¶¶ 5, 6 & Attach. 2, 3; Compl. in Civ. No. 04-1404 at ¶¶ 10-15. However, the parties disagree about whether the conditions precedent to scheduling the third grievance have been met. See Compl. in Civ. No. 04-1404 at ¶¶ 16-19; Def. Mot. to Dismiss, Document No. 8 in 04-1404 Ex. 1, Rachel Decl. ¶ 8 & Attach. 4 & 5; Ex. 2, 3, 4, 9. The various letters by the NALC, Postal Service, and APWU placed before the arbitrator the issue related to the lack of finality of his decision. See Def. Mot. to Dismiss, Document No. 8 in 04-1404, Exs. 2-5, 9. Moreover, while it has taken the NLRB longer than expected to issue a decision, the Board may act at any time. Mere delay does not relieve the APWU of the exhaustion

---

[4] Although Howsam is not a labor arbitration, it relies on seminal labor arbitration cases. See, e.g., Howsam, 537 U.S. at 83, 84 (citing Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574 (1960) and John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543 (1964)). Similarly, the U.S. Supreme Court has noted that "federal courts often look to the [Federal Arbitration Act] for guidance in labor arbitration cases[.]" Misco, 484 U.S. at 40 n.9. Therefore it is appropriate to rely on Howsam in the instant case.

requirement. <u>APWU</u>, 126 F. Supp. 2d at 4.

The APWU has previously admitted that the procedural dispute must be subjected to arbitration by requesting that the arbitrator resolve it. <u>See</u> Def. Mot. to Dismiss, Document No. 8 in 04-1404 at Ex. 4. In the absence of a "complete arbitration," e.g., where remedial issues remain unresolved, it is inappropriate for a court to exercise jurisdiction over a suit to enforce or vacate a labor arbitration award. <u>See</u> <u>Local 36, Sheet Metal Workers Int'l Assoc. v. Pevely Sheet Metal Co.</u>, 951 F.2d 947 (8th Cir. 1992); <u>Union Switch & Signal Div. Am. Std. Inc. v. United Elec., Radio and Machine Workers</u>, 900 F.2d 608 (3d Cir. 1990). It bears emphasis that the Court need not rely on the Arbitrator's retention of jurisdiction or the NALC's request for clarification to reach this conclusion, because the **APWU itself requested** Arbitrator Snow to resolve the parties' dispute concerning the second decision. <u>See</u> Def. Mot. to Dismiss, Document No. 8 in 04-1404 at Ex. 4 (Letter from Melinda Holmes to Arbitrator Snow) (stating that "We look forward to receiving your decision on the parties' respective positions on [the NALC's request to clarify the second award] so that we may move forward with implementation of the underlying award and schedule the remaining cases under the settlement agreement"). Not only has the APWU waived any objection to the fact that it must arbitrate the procedural dispute, <u>see</u> <u>Madison Hotel v. Hotel and Rest. Employees, Local 25</u>, 144 F.3d 855, 859-60 (D.C. Cir. 1998) (Henderson, J., concurring), it affirmatively consented to such arbitration.

Finally, notwithstanding the exhaustion requirement, Plaintiff's claims are now moot. Plaintiff executed an agreement that provided that certain disputes would be arbitrated by a specific individual: Carlton Snow. Unfortunately, Mr. Snow died last year. Mullins Decl. at ¶ 8. The agreement at issue in this case and in Civil No. 04-1404 (HHK) does not provide for this

contingency, nor does it provide for anyone to take Mr. Snow's place.  See Rachel Decl., Ex. 1, Attach. 1 at 2.  This means both that Plaintiff has not, and cannot, exhaust its administrative remedies in order for this Court to take jurisdiction over this matter and that the Court cannot grant Plaintiff's requested relief.  See McBryde v. Committee to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) ("events [have] outrun the controversy such that the court can grant no meaningful relief, [and therefore] the case must be dismissed as moot").

Because the NLRB may well overturn the second decision in whole or in part, amending or supplementing the agreement to address the lack of an arbitrator would be a waste of resources, both because it risks having the parties revisit the same ground, and because it will infect the parties' discussions and litigation of the third grievance with unnecessary uncertainty over the meaning of the second award.

## CONCLUSION

For the forgoing reasons, the Postal Service respectfully requests that the Court dismiss the above-captioned action. In the alternative, the Postal Service respectfully requests the Court consolidate and stay the two related cases pending resolution of the administrative litigation concerning the second grievance.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0372

OF COUNSEL:

Peter J. Henry
Labor Counsel
United States Postal Service