UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| American Postal Workers Union, AFL-CIO<br>1300 L Street, N.W.<br>Washington, DC 20005<br><br>                Plaintiff,<br><br>v.<br><br>United States Postal Service<br>475 L'Enfant Plaza, S.W.<br>Washington, DC 20260<br><br>                Defendant. | Civil No. 05-1771 (HHK) |

### DECLARATION OF GARY H. MULLINS

I, Gary H. Mullins, make the following Declaration in lieu of affidavit in accordance with the provisions of 28 U.S.C. § 1746. I understand that my declaration is to be filed in civil action number 05-1771 in the United States District Court for the District of Columbia and that it is equivalent to a statement under oath.

1. I am over the age of 18 and am competent to testify. The statements made herein are based upon my personal knowledge, upon information made available to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

2. Since February, 2002, I have held the position of Vice President of the National Association of Letter Carriers, AFL-CIO, ("NALC"). The NALC is a labor organization representing all employees of the United States Postal Service (USPS) in

the city letter carrier craft. As Vice President, I serve as head of the NALC's Contract Administration Unit (CAU). The CAU is responsible for administering the grievance/arbitration procedure provided by the National Agreement between NALC and USPS.

3. I am generally familiar with the grievance filed by the American Postal Workers Union, AFL-CIO, ("APWU") which culminated in the decision by Arbitrator Carlton Snow, captioned USPS and APWU and NALC, Case No. Q94C-4Q-C 98117564. As discussed more fully in the following paragraphs, the NALC opposes judicial enforcement of Arbitrator Snow's decision because that decision is not yet final.

4. NALC intervened in Case No. Q94C-4Q-C 98117564 to protect its position that some or all of the "Address Management Specialist" (AMS) positions claimed by APWU fell within NALC's jurisdiction. At the close of the hearing before Arbitrator Snow, NALC requested, and was granted, additional time to decide whether it would request an additional day of hearing to present evidence in support of its jurisdictional position.

5. By letter dated September 9, 2002, NALC counsel advised the Arbitrator and the parties that NALC was willing to defer presentation of any additional evidence, provided that the Arbitrator deferred the issue of the specific craft to which the disputed AMS positions should be designated to a subsequent remedy phase of the case. NALC's letter suggested that if the Arbitrator did sustain the grievance, he should then

remand the case to the parties for tripartite discussion of an appropriate remedy. If the matter were subsequently resubmitted to the Arbitrator for resolution of remedy disputes, NALC would submit its evidence at that time.

6. By letter to the Arbitrator, dated September 19, 2002, APWU accepted NALC's suggestion to bifurcate the case. The Postal Service sent two letters to the Arbitrator, dated September 20 and 26, 2002, suggesting that the record be closed without objecting to NALC's proposal. (It is my understanding that USPS has submitted to the Court copies of the letters referred to in this declaration.)

7. In sum, NALC deferred presentation of its evidence to Arbitrator Snow based on the understanding that the Arbitrator would not reach the issue of craft jurisdiction. Despite this understanding, Arbitrator Snow's decision contained several sentences which appeared to require that the disputed AMS positions be assigned to the APWU bargaining unit. For this reason, during the ninety-day period the Arbitrator retained jurisdiction of the dispute following the decision, the NALC petitioned the Arbitrator for clarification of his award in a letter dated June 18, 2003.

8. On June 26, 2003, the Postal Service wrote to the Arbitrator to express its agreement with the NALC that the decision comes to a conclusion contrary to the express understandings of the parties as to what was being litigated. Subsequently, in a letter dated March 17, 2004, the APWU requested that the Arbitrator resolve the NALC's clarification request. The Arbitrator died without responding to the clarification request.

9. For these reasons, at the time of Arbitrator Snow's death, the NALC's request to clarify the second decision was still pending and remains pending to this day. Because the Arbitrator never ruled on the NALC's clarification request, the decision never became final and it would be premature to enforce it.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing declaration is true and correct. Executed in Washington, D.C.

*[signature]*

Date: 12-02-05