SAMUEL J. COHEN (1908-1991)

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE

**COHEN, WEISS AND SIMON LLP**
COUNSELLORS AT LAW
330 WEST 42ND STREET
NEW YORK, N.Y. 10036-6976

(212) 563-4100
TELECOPIER (212) 695-5436

COUNSEL
HENRY WEISS
STANLEY M. BERMAN
MANLIO DIPRETA
JAMES R. GRISI*

PETER ZWIEBACH*
MICHAEL G. DZIALO**
RACHEL S. PASTER
ELIZABETH O'LEARY
EYAD ASAD
KATHERINE A. KINKELA
ROBIN H. GISE

NEW JERSEY OFFICE
94 VALLEY ROAD
MONTCLAIR, N.J. 07042
(973) 509-0011
*ALSO ADMITTED IN N.J.
**ADMITTED IN D.C. ONLY

September 9, 2002

Carlton J. Snow, Arbitrator
P.O. Box 5246
Salem, OR 97304-0246

Re: Case No. Q94C-4Q-C 98117564 (AMS Specialists)

Dear Arbitrator Snow:

As you will recall, the parties agreed at the close of the hearing in the above matter that NALC would have 14 days following receipt of the transcript to notify the parties whether it intended to submit rebuttal evidence. (Hearing Transcript, Vol II, p. 103) Because this time frame conflicted with the NALC National Convention, the parties subsequently agreed to extend the deadline to September 9. (See letter dated August 14 from Alan J. Apfelbaum.)

NALC does have an interest in presenting additional evidence on the proper remedy in this case. We suggest, however, that such presentation may be deferred until after an initial determination of the merits, based on the following considerations.

The issue in this case, as described by APWU, is whether the Address Management Systems ("AMS") specialist position should be classified as a bargaining unit position, or alternatively, whether work performed by AMS specialists is bargaining unit work. NALC has determined not to submit additional evidence with respect to this issue of whether the work of the AMS Specialists should be classified as bargaining unit rather than EAS work. However, if the grievance is sustained, the question of craft designation would then arise. In that circumstance, NALC may take the position that at least some, if not all, of the disputed work should be reassigned to the letter carrier craft rather than the clerk craft. NALC would anticipate submitting evidence in support of that position.

It is not clear to us whether the issue of craft designation is encompassed by the present grievance. In the original Step 4 grievance dated August 27, 1998 (APWU Exhibit 2), the

COHEN, WEISS AND SIMON LLP

Carlton J. Snow
September 9, 2002
Page 2

only remedy requested by APWU was that "each of the positions should be assigned to the appropriate craft unit under Article 1.5, or in the alternative, bargaining unit assignments should be created from the duties assigned to these EAS positions...." Under Article 1.5, new bargaining unit positions are assigned by management to a particular craft within 30 days *after* the creation of the position. The craft designation is then subject to challenge by any of the unions through the grievance procedure. The reference to Article 1.5 in the Step 4 grievance indicates, therefore, that the issue of craft designation is a separate and distinct matter that would arise following an award sustaining the present grievance. However, at the hearing Ms. Holmes at one point indicated that the issue presented was "[w]hether that position must be included in *the APWU* bargaining unit" (Hearing Transcript, Vol I, p. 36), which suggests that craft designation is before the Arbitrator now.

In any event, we would suggest that even if the question of craft designation is encompassed by the present grievance, that issue may be addressed in the context of a determination of an appropriate remedy should the grievance be sustained on the merits. Accordingly, we would suggest that if the Arbitrator does sustain the grievance, he should then remand the case to the parties for tripartite discussion of an appropriate remedy. (The Arbitrator, of course, has adopted this procedure in numerous cases in the past, including the still pending Case No. H94N-4H-C 96090200, involving the reassignment of a full-time injured letter carrier to a part-time flexible position in the clerk craft.) If the matter were subsequently resubmitted to the Arbitrator for resolution of remedy disputes, NALC would submit its evidence at that time.

If the Arbitrator agrees with our suggestion that any issue of craft designation be deferred, then the record may be closed and the parties may proceed with the submission of post-hearing briefs. However, if the Arbitrator concludes that the issue of craft designation is encompassed by the grievance, and is presently ripe for resolution, then NALC does request an additional day of hearing to submit rebuttal evidence.

We await your guidance. Thank you for your attention to this matter.

Sincerely,

Keith E. Secular

cc: Howard Kaufman, Esquire
    Melinda Holmes, Esquire
    Gary Mullins, Vice President