## COHEN, WEISS AND SIMON LLP
COUNSELLORS AT LAW
330 WEST 42ND STREET
NEW YORK, N.Y. 10036-6976

(212) 563-4100
TELECOPIER (212) 695-5436

SAMUEL J. COHEN (1908-1991)

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DeCHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
JAMES R. GRISI*

COUNSEL
HENRY WEISS
STANLEY M. BERMAN
MANLIO DiPRETA

RACHEL S. PASTER
ELIZABETH O'LEARY
EYAD ASAD
KATHERINE A. KINKELA
ROBIN H. GISE
TZVIA FEIERTAG**
TRAVIS M. MASTRODDI
ORIANA VIGLIOTTI***

NEW JERSEY OFFICE
200 CLAREMONT AVENUE
MONTCLAIR, N.J. 07042
(973) 509-8011
* ADMITTED IN NJ
** ADMITTED IN CA & NJ ONLY
*** ADMITTED IN NJ ONLY

June 18, 2003


RECEIVED JUN 19 2003 LAW DEPARTMENT

Carlton J. Snow, Arbitrator
P.O. Box 5246
Salem, OR 97304-0246

Re: Case No. Q94C-4Q-C 98117564
(Address Management System Specialist)

Dear Arbitrator Snow:

In your Award in the above matter, dated April 29, 2003, you held that the Postal Service violated Article 1.2 of the National Agreement by excluding the "Address Management System Specialist" (AMS) position from the bargaining unit. You also retained jurisdiction "for ninety days from the date of the report in order to resolve any problems resulting from the remedy in the award."

I write now to bring to your attention a possible problem which should be addressed by the Arbitrator. In particular, the Award, as written, appears to require that the AMS position be assigned to the Clerk Craft. Any such determination by the Arbitrator would be inconsistent with the post-hearing agreement of the parties (communicated to you in correspondence described below) that the issue of craft designation was to be deferred to the remedy phase of this case.

### The Parties' Agreement to Defer the Issue of Craft Designation

As you may recall, although NALC intervened in this case, the hearing was scheduled by the Postal Service and APWU on dates when I was unavailable. At the close of the second of the two hearings, NALC proposed that it be given 14 days after receipt of the transcript to determine whether it would present any additional evidence. Neither of the other two parties objected, and the Arbitrator granted the request.



COHEN, WEISS AND SIMON LLP

Carlton J. Snow, Arbitrator
June 18, 2003
Page 2

(Hearing Transcript, Vol. II, July 23, 2002, pp. 103-4). A copy of the pertinent transcript pages is enclosed. The deadline for NALC's determination was subsequently extended to September 9. (See letter, dated August 14, 2002, from Alan Apfelbaum to John Saperstein, copy enclosed.)

By letter dated September 9, 2002, I advised the Arbitrator and the parties that NALC was willing to defer presentation of any additional evidence, provided that the Arbitrator deferred the issue of the specific craft to which the AMS position should be designated to the remedy phase of the case. We noted that the APWU's original Step 4 grievance (APWU Exhibit 2) had not requested a craft determination, but rather asserted that "each of the [AMS] positions should be assigned to the appropriate craft under Article 1.5, or in the alternative, bargaining unit assignments should be created from the duties assigned to these EAS positions...." Under Article 1.5, new bargaining unit positions are assigned by management to a particular craft within 30 days after the creation of the position. The craft designation is then subject to challenge by any of the unions through the grievance procedure.

In light of the foregoing we suggested in our letter that if the Arbitrator did sustain the grievance, he should then remand the case to the parties for tripartite discussion of an appropriate remedy. If the matter were subsequently resubmitted to the Arbitrator for resolution of remedy disputes, NALC would submit its evidence at that time.

A copy of my letter of September 9, 2002 is enclosed.

By letter to the Arbitrator, dated September 19, 2002, Mr. Hajjar advised that "the APWU accepts NALC's suggestion to bifurcate the case...." Mr. Hajjar wrote that "I am authorized to say that if you sustain the grievance to the extent that the [AMS] *positions should have been assigned to a bargaining unit, the APWU is willing to have the question of which unit referred to the Article 1.5 procedure, as the NALC has suggested.*" (Emphasis in original.) A copy of Mr. Hajjar's letter is enclosed.

Mr. Kaufman sent two letters to the Arbitrator, dated September 20 and 26, 2002, suggesting that the record be closed. Neither of his letters objected to NALC's proposal. Copies of Mr. Kaufman's letters are enclosed.

By letter dated October 31, 2002, (copy enclosed) the Arbitrator appeared to respond to the above correspondence by closing the record. NALC, therefore, assumed that its proposal had been accepted and would establish the parameters of the Arbitrator's award. In particular, we assumed that, if the grievance were sustained, NALC would subsequently have an opportunity during the remedy phase, or in a

COHEN, WEISS AND SIMON LLP

Carlton J. Snow, Arbitrator
June 18, 2003
Page 3

separate Article 1.5 proceeding, to assert any jurisdictional claims it may have to some or all of the work of the AMS positions. Based on that assumption, NALC elected not to submit a post-hearing brief.

### Need for Clarification of the Award

There are several sentences in the Award and the Opinion which appear to address the issue of craft designation. The Award states that the AMS position "is a part of the *APWU bargaining unit....*" (Emphasis supplied.) Page 34 of the Opinion contains the following sentence:

"In view of the fact that the disputed work is not excluded under exceptions listed in Article 1.2 of the APWU-USPS agreement, the Employer bound itself to assign the work to the most appropriate craft, *namely the Clerk Craft.*" (Emphasis supplied.)

Similarly, the Opinion also contains a sentence that "[t]he totality of the record in this case favors including the disputed positions *in the APWU work unit.*" (P. 36; emphasis supplied.).

The foregoing passages appear to be inconsistent with the parties' agreement to defer the issue of craft designation. Accordingly, we respectfully request that the Arbitrator issue an appropriate clarification of the Award. Such clarification should establish that the initial Award does not prejudice management's right, and obligation, to assign the AMS positions at issue to "the national craft unit most appropriate for such position"; and is without prejudice to the right of either the NALC or the APWU to dispute such assignment and to assert jurisdictional claims to some or all of the positions or work at issue.

Copies of this letter have been sent to counsel for the parties.

Sincerely,

Keith E. Secular

cc: Mindy Holmes, Esq.
    Howard Kaufman, Esq.