
UNITED STATES
POSTAL SERVICE

VIA FIRST CLASS MAIL

June 26, 2003

Mr. Carlton J. Snow
Arbitrator
P.O. Box 5246
Salem, OR 97304-0246

Re: Case No. Q94C-4Q-C 98117564
(Address Management System Specialist)

Dear Arbitrator Snow:

We are in receipt of a letter from National Association of Letter Carriers' (NALC) counsel Keith Secular raising objections and questions to your decision and award in the above case.

We agree with the NALC that the award comes to a conclusion contrary to the express written understandings of the parties as to what was being litigated. As such, it cannot stand as written. However, contrary to the NALC, the Postal Service does not believe that this can be corrected by a simple award clarification.

Rather, the issues raised by the NALC call into question the fundamental rationale and underpinnings of the award. The award's conclusion that AMS employees are part of the APWU bargaining unit rests on an assumption that the Postal Service and the APWU in 1971 meant to include them within the APWU bargaining unit. The rationale for this assumption is that the Postal Service-APWU contract does not specifically cite to those employees in its list of "exclusions" in Article 1.2 (Award. pp. 18-22, 31-36). However, parallel Article 1.2 language appears in every other Postal Service collective bargaining agreement. If the rationale used in the award were correct, each of these other contracts also should include the AMS employees, an obviously inappropriate result. Indeed, it is clear that the "exclusions" in each Article 1.2 simply parallel language of the Postal Reorganization Act (39 U.S.C. Section 1202) and the National Labor Relations Act (29 U.S.C. Section 152(11) which by law exclude supervisors and managerial personnel, security personnel, confidential employees, temporary, and seasonal employees from all collective bargaining

- 2 -

units. In no way do they represent carefully "bargained for" language anticipating in 1971 the existence of an AMS function that appeared years later.

The pre-hearing understandings in this case also render irrelevant other sections of the award. The award buttresses its conclusion by discussions of position descriptions of, and community of interest with, APWU Data Collection Technicians and General Clerks and past practice and bargaining history between the APWU and the Postal Service (Award. pp. 25-33). This analysis is obviously not germane in view of those understandings set forth by the NALC in its correspondence, and indeed is contrary to those express understandings.

In sum, the "possible problem" brought to light by NALC counsel cannot be remedied merely by a clarification. The entire award must be withdrawn, and all parties be allowed to present additional evidence on the merits of the grievance.

Copies of this letter have been sent to counsel for the parties.

Sincerely,

*[signature]*

Howard J. Kaufman
Senior Counsel
Labor Law

cc: Melinda Holmes
    Keith Secular