## O'Donnell, Schwartz & Anderson, P.C.
### Counselors at Law
### 1300 L Street, N.W., Suite 1200
### Washington, D.C. 20005
(202) 898-1707
FAX (202) 682-9276

DARRYL J. ANDERSON
MARTIN R. GANZGLASS
LEE W. JACKSON
ARTHUR M. LUBY
ANTON G. HAJJAR*
RICHARD S. EDELMAN
PETER J. LEFF**
MELINDA K. HOLMES
RACHEL TUMIDOLSKY°
DANIEL B. SMITH*
BRENDA C. ZWACK†

*ALSO MD
**ALSO VA
°MD BAR ONLY
†PA BAR ONLY

JOHN F. O'DONNELL
(1907-1993)

ASHER W. SCHWARTZ
(RETIRED)

1900 L Street, N.W.
Suite 800
Washington, D.C. 20036
(202) 898-1824

June 25, 2003


RECEIVED
JUN 2 6 2003
LAW DEPARTMENT

VIA FIRST CLASS PRIORITY MAIL

Carlton J. Snow
P.O. Box 5246
Salem, OR 97304

Re: **APWU and USPS**, Case No. Q94C-4Q-C 98117564

Dear Arbitrator Snow:

I write regarding Keith Secular's correspondence concerning your award in the above-captioned case. Contrary to the NALC's position, the APWU does not believe that your award needs to be clarified.

As you recall, this case is the second in a series of national-level grievances concerning the Postal Service's obligations under the APWU National Agreement to assign positions or work to the APWU bargaining unit. The APWU and the Postal Service joined issue on the underlying Step 4 grievance through a December 13, 1998, settlement agreement which stated the issue as whether the EAS-15 position of Address Information System Specialist must be included in the bargaining unit and/or whether it contains bargaining unit duties. After attending the first days of hearing during which the parties agreed to allow the Arbitrator to frame the issue consistent with the settlement agreement, the grievance, and the APWU National Agreement, the NALC officially intervened in the case.

Mr. Secular correctly summarizes the exchange that occurred with you regarding whether, if the Arbitrator concluded, as he did, that the Specialist position is a bargaining unit position, the precise craft designation of the position should be determined through a separate proceeding in accordance with Article 1.5 of the APWU National Agreement. It is the APWU's understanding, however, that although the NALC asked that the issue be bifurcated and we expressed our willingness to engage in a separate craft designation process under our contract, the Postal Service

<u>APWU and USPS</u>, Case No. Q94C-4Q-C 98117564
June 25, 2003
Page 2

took the position that the Arbitrator could and should issue his award.[1] Accordingly, all three parties did not agree to defer the issue of craft designation. Moreover, the APWU understands that you framed the issue as the parties gave you authority to do, and in so doing as well as closing the record and issuing a final and binding award, you resolved the question of craft designation within this arbitration. Particularly given the authority the parties invested in you to frame the issue and answer the NALC's request of how to proceed, the APWU believes that your award is conclusive, fair, and final.

You have issued a final and binding award addressing the craft designation issue and answering the request of the NALC. The APWU believes, therefore, that it is not necessary for the Arbitrator to now clarify the award.

                Yours very truly,

                O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                By: *[signature]*
                    Melinda K. Holmes

cc:    Howard Kaufman, U.S. Postal Service
        Keith Secular, NALC

        Cliff Guffey, APWU
        Greg Bell, APWU

---

[1] The Postal Service's September 26, 2002, correspondence states that: "Having recently reviewed the APWU response to the NALC correspondence it is the Postal Service position that nothing in either correspondence raises issues that prevent you from issuing a full and final decision in this matter. Therefore, the record should be closed and the parties should establish a due date for posthearing briefs."