UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN POSTAL WORKERS UNION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1771 (HHK) |
| UNITED STATES POSTAL SERVICE, | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR CONSOLIDATION AND STAY**

**I.   The Court Should Defer to the National Labor Relations Board.**

In its motion to dismiss, Defendant argued that the "posture of the current dispute militates in favor of deference to the Board." Def. Mot. Dismiss at 9. Defendant therefore requested dismissal without prejudice or, alternatively, a stay pending resolution of the issues now before the National Labor Relations Board ("NLRB" or "Board"). Plaintiff opposes this request by asserting that "[t]he parties have not yet litigated the merits of the Postal Service's petition to exclude particular positions from the APWU before the NLRB." Plf. Opp. at 10. However, the parties should expect a decision on the merits. Certainly, neither party can claim to know how the NLRB will resolve the dispute, but it is simply false to assert that the parties have not briefed the substance of the Postal Service's unit clarification petition to the Board. Proof of this appears from both parties' pleadings before the NLRB. In its Request for Review, the Postal Service argued that the arbitrator's second decision improperly moved the position at issue into the unit represented by the APWU. See Def. Ex. 7 in Civil No. 04-1404 (HHK) at 8-9, 12-13

(USPS Unit Clarification Request for Review) (Oct. 28, 2003). In their other pleadings before the NLRB, both parties briefed whether the second decision violates the free will of the affected employees. See Def. Opp. Ex. 2 in Civil No. 04-1404 (HHK) (Brf. on Review of APWU at 9-11 (Nov. 20, 2003)); Def. Ex. 7 in Civil No. 04-1404 (HHK) at 8-9, 12-13. Accordingly, the APWU's apparent assertion that the substance of the unit clarification is not before the Board is belied by the record before the Board.

The APWU argues that "no matter the ruling on the position placement issue, the Arbitrator found that the APWU is entitled to see the work performed by those positions assigned to its bargaining unit members." Pl. Opp. at 11. However, the award does not distinguish between positions and work. In fact, the assignment of the work is solely a consequence of the assignment of the position. The award states: "the arbitrator concludes that the [AMS] position is a part of the APWU bargaining unit and that it is a violation of Article 1.2 of the National Agreement to exclude the position and the disputed work from the bargaining unit." Def. Ex. 1in Civil No. 1404, Rachel Decl. Attach. 3 (Case No. Q94C-4Q-C 98117564 at 37 (emphasis added)). The first clause is limited to positions and the second clause is no more than a recapitulation of the first. Nor does the reasoning of the decision support the Union's implied claim that the award of the work can be separated from the award of the position.[1]

The fact that the award's assignments of the work cannot be distinguished from the

---

[1] In its Petition for Review the Postal Service explains that the award is based on an incorrect statutory analysis. See Def. Ex. 7 in Civil No. 04-1404 (HHK) at 16-18 (USPS Unit Clarification Request for Review) (Oct. 28, 2003). Further, the Postal Service statutory argument goes to the fundamental underpinnings of the award in as much as the arbitrator clearly ignored well established NLRB law holding that accreting employees into a bargaining unit from which they have been historically excluded violates NLRA. See id. at 12-13.

assignment of the positions is evidenced by the APWU's description of the parameters of the arbitrator's task after the last day of hearing and before the close of the record. The APWU explained, "The question whether any part of the work of AMS personnel is clerk work is an issue which you must reach only if you find that the AMS position is properly classified as an EAS position but that all or some of the work is craft (not EAS) work." Def. Ex. 1 of Opp. in Civil No. 04-1404 (HHK) (Letter from Hajjar to Snow (Sept. 19, 2002)). The undisputed fact is that, pending resolution of the NALC's request for clarification, the award appears to assign the position to the APWU. Therefore, according to the APWU's own description of the task before the arbitrator, there was no need to reach the question of work independently from the question of positions.

An NLRB decision on the merits of the unit clarification petition is still anticipated.[2] The Board may well decide the statutory issues in a way that essentially overturns the second award in whole or in part. For the preceding reasons, and those in the Postal Service motion to dismiss or in the alternative for stay, the Court should defer to the NLRB by dismissing this suit or staying further consideration pending Board action.

II.     **The Enforcement Action is Premature**

The APWU claims that enforcement of the second decision is "almost automatic." Pl. Opp. at 8. But federal courts do not act as rubber stamps when parties to arbitration agreements seek to enforce awards. See APWU v. USPS, 254 F. Supp. 2d 12 (D.D.C. 2003) (declining to enforce ambiguous award and remanding for clarification). Such restraint is particularly

---

[2] A decision in the near term is even more likely in light of the recent appointments of Members to vacant positions on the Board.

warranted in a suit to enforce an award in the unusually complex posture of the one before this Court.

In its Opposition, the APWU incorrectly asserts "the 'complete arbitration rule' has no bearing" on this case. Pl. Opp. at 13. The Union's position is at odds with the decisions of four circuit courts. The clear weight of authority supports the Postal Service and NALC position that enforcement of the award at issue would be premature. The United States Courts of Appeals for the Third, Seventh, Eighth, and Ninth Circuits teach that where an arbitrator retains jurisdiction over a non-"ministerial" matter, the award is not final and the exercise of jurisdiction by the court is improper. Union Switch & Signal Div. Am. Std. Inc. v. United Elec., Radio and Mach. Workers, 900 F.2d 608, 610-11 (3d Cir. 1990)[3]; Anderson v. Norfolk and W. Ry. Co., 773 F.2d 880, 882-83 (7th Cir. 1985); Local 36, Sheet Metal Workers Int'l Ass'n v. Pevely Sheet Metal Co., 951 F.2d 947 (8th Cir. 1992); Millmen's Local 550, United Bhd. of Carpenters and Joiners v. Wells Exterior Trim, 828 F.2d 1373 (9th Cir. 1987).[4] The Seventh Circuit summarized the rule as

---

[3] The Union obscures the relevant part of the Union Switch decision by quoting from the section discussing the enforcement of an earlier court decision as part of the law of that case. Pl. Opp. at 16. The decision clearly teaches that exercising jurisdiction to enforce incomplete arbitration awards constitutes "serious error." 900 F.2d at 610.

[4] The APWU relies on a district court decision that adopts separate accrual points for limitations periods in suits to vacate as opposed to suits to enforce arbitration awards. International Assoc. of Bridge, Structural and Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, Inc., 928 F. Supp. 83, 88 (D. Mass. 1996) (distinguishing the Third Circuits decision in Pevely because it was a suit to enforce an arbitration award). As the Burtman decision is limited to suits to vacate arbitration awards, its rationale does not apply to the APWU's suit to enforce one. By contrast, the Pevely decision addresses suits to enforce arbitration awards. In this regard, the First Circuit opinion cited by APWU is instructive. Pl. Opp. at 16. In that case the Court of Appeals explained, "that the partly resolved matter of remedy was properly returned to the [arbitration] Board for further consideration." Locals 222, 2320-2327, Int'l Bhd. of Elec. Workers v. New England Tel. and Tel. Co., 628 F.2d 644, 649 (1st Cir. 1980).

"[w]here the evidence establishes that the arbitrator does not believe the assignment is completed, the award is not final and appealable." McKinney Restoration Co. v. Bricklayers Union Local No. 21, 392 F.3d 867, 872 (7th Cir. 2004). It explained that the retention of jurisdiction is one marker of a non-final order. Id.

In this case, the arbitrator noted the parties authorized him to retain jurisdiction following the award; see Def. Ex. 1 in Civil No. 04-1404 (HHK), Rachel Decl. Attach. 3 (Case No. Q94C-4Q-C 98117564 at 2)); and he explicitly retained jurisdiction for ninety days; id. at ii, 37. The APWU states, "there were no issues left to be arbitrated that bore on the outcome of the award." Pl.'s Opp. at 15. However, it is undisputed that during the period of retained jurisdiction, the NALC wrote to the arbitrator requesting clarification of the award as it pertained to which union would represent the employees. Def. Mot. Dismiss Ex 1. (Mullins Decl. at ¶ 8). The Postal Service wrote to the arbitrator as well and raised even more fundamental problems with the award and its remedy. Def. Ex. 3 in Civil No. 1404 (Letter from Kaufman to Snow (June 26, 2003)). Neither the NALC's nor the Postal Service's requests concerned mere ministerial or mechanical matters. In fact, enforcement of the award under the posture of this case would likely deny the parties fundamental fairness.

In order to provide the parties a fundamentally fair hearing, the arbitrator "must give each of the parties to the dispute an adequate opportunity to present evidence and argument." Tempo Shain Corp v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997) (citation omitted). Before the close of the record in this case, the NALC advised the arbitrator and the parties that the NALC was willing to defer presentation of additional evidence so long as the arbitrator deferred consideration of the issue of the specific craft to which the disputed AMS positions should be

5

designated. Def. Mot. Dismiss Ex 1. (Mullins Decl. at ¶ 5). Moreover, the NALC deferred presentation of its evidence to the arbitrator based on the understanding that the Arbitrator would not reach the issue of craft jurisdiction. Id. at ¶ 7. Accordingly, not only would enforcement of the award in the present posture be premature, it would deny the NALC the opportunity to present evidence and argument concerning a material aspect of the dispute. It would also prevent the Postal Service from presenting the more fundamental issues it raised to the arbitrator.

Moreover, independent of the fact that the award was not complete, the APWU has not disputed that it consented to the arbitrator resolving the NALC's request for clarification. See Def. Mot. to Dismiss, Document No. 8 in 04-1404 (HHK) at Ex. 4 (Letter from Holmes to Snow (Mar. 17, 2004)). So even if the APWU were correct about the complete arbitration rule (which it is not), the union waived any objection to the submission of the NALC's request for clarification of the second award and affirmatively consented to it. Accordingly, the NALC's request for clarification of the Award was pending before the arbitrator at the time of his death and the union is required to exhaust the arbitral process before seeking enforcement.

### III. The Action is Moot

The APWU Opposition mischaracterizes the Postal Service's mootness argument. The Postal Service does not make the ridiculous argument that the parties must litigate the disputes pending in the arbitration process "before an arbitrator who is dead" as the union asserts. Pl. Opp. at 17. Rather, the Postal Service argues that the resolution of the agreement to arbitrate does not provide a replacement for the arbitrator named in the agreement or otherwise provide a way for the parties to select a new arbitrator. Mot. Dismiss at 14-15. Thus the Plaintiff has not, and cannot, exhaust arbitral remedies in order for this Court to assume jurisdiction and the Court

cannot grant Plaintiff's requested relief.

## IV.     The Suits Should be Consolidated

The APWU misleadingly suggests that "[t]he issues in this case have no bearing on the outcome of Case No 04-1404 and vice versa ...." Pl.'s Opp. at 17.  There is no dispute that the arbitrations pursuant to the parties' special agreement to arbitrate are held one after another.  The parties "agreed to a process for handling the arbitrations as [a] series to be heard *seriatim*." Pl. Mot. in Civil No. 1404 at 3.  For this reason, the parties resolve each grievance in the series before moving to the next one.  In its first lawsuit, Civil No. 04-1404, the APWU seeks to advance to the third grievance in the series.  Pursuant to the parties' agreement, the second must be complete before the commencement of the third.  The instant case is the union's effort to advance its position in the first case by satisfying the condition precedent to selecting the third grievance, i.e., establishing the finality of the second decision.  Accordingly, the Postal Service's consolidation motion should be granted.

## CONCLUSION

For the forgoing reasons, the Postal Service respectfully requests that the Court dismiss the above-captioned action. In the alternative, the Postal Service respectfully requests the Court consolidate and stay the two related cases pending resolution of the administrative litigation concerning the second grievance.

                                            Respectfully submitted,

                                            /s/
                                      KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                      United States Attorney

                                            /s/
                                      R. CRAIG LAWRENCE, D.C. BAR # 171538
                                      Assistant United States Attorney

                                            /s/
                                      PETER S. SMITH, D.C. BAR # 465131
                                      Assistant United States Attorney
                                      555 4th St., N.W.
                                      Washington, D.C. 20530
                                      (202) 307-0372

OF COUNSEL:

Peter J. Henry
Labor Counsel
United States Postal Service