# USPS SETTLEMENT AGREEMENT
## NLRB Case No. 5-UC-353

This settlement agreement represents an understanding between the parties to fully and completely resolve any and all issues, and all currently pending grievances regarding the above-captioned Unit Clarification petition.

- APWU will withdraw NLRB Case No. 5-UC-353.

- Disputes regarding the proper assignment of **EAS Secretaries** in Mail Processing and Customer Service facilities will be resolved on the basis of the parties' December 13, 1999 settlement agreement. (Copy attached).

- Effective with the signing of this agreement, the Postal Service will change the **Bulk Mail Dock Clerk** (Occ. Code 2315-99xx; SP 2615) position from a best qualified to a senior qualified position.

- APWU will withdraw the 8/27/98 **Postmaster** national level grievance, and any other grievances in existence as of the signing of this settlement agreement which claim that **Postmaster** positions are clerk craft positions. This settlement agreement does not resolve any pending grievances over issues related to **Postmaster Relief** or **Post Office Administrator** positions.

- APWU will withdraw the 8/27/98 national level grievance, and any other grievances in existence as of the signing of this settlement agreement which claim that **Human Resource Associate, Human Resource Specialist** or **Personnel Assistant** positions are clerk craft positions.

- Unless resolved before arbitration, the parties will arbitrate as an individual case the **Address Management System Specialist** grievance dated 8/27/98. Any other grievances in existence as of the signing of this settlement agreement which claim that **Address Management System Specialist** positions are clerk craft positions will be withdrawn.

- Unless resolved before arbitration, the parties will arbitrate as an individual case the **Mail Flow Controller** grievance dated 8/27/98. Any other grievances in existence as of the signing of this settlement agreement which claim that **Mail Flow Controller** positions are clerk craft positions will be withdrawn.

- Unless resolved before arbitration, the parties will arbitrate as an individual case the **Business Center** grievance dated 8/27/98. Any other grievances in

existence as of the signing of this settlement agreement which claim that **Business Center** positions are clerk craft positions will be withdrawn.

- Unless resolved before arbitration, the parties will arbitrate as an individual grievance the **Business Mail Entry Analyst** grievance dated 8/27/98. Any other grievances in existence as of the signing of this settlement agreement which claim that **Business Mail Analyst** positions are clerk craft positions will be withdrawn.

- Unless resolved before arbitration, the parties will arbitrate as an individual grievance the **Operations Quality Improvement Analyst** grievance dated 8/27/98. Any other grievances in existence as of the signing of this settlement agreement which claim that **Operations Quality Improvement Analyst** positions are clerk craft positions will be withdrawn.

- APWU withdraws its claim to the **Arbitration Scheduling Coordinator** position based on the Postal Service's representation that these individuals work in Area offices. Any grievances in existence as of the signing of this settlement agreement which claim that **Arbitration Scheduling Coordinator** positions are clerk craft positions will be withdrawn.

- Arbitration hearings held pursuant to this settlement agreement shall be heard before Arbitrator Carlton Snow. The first case to be heard will be Case No. H4C-4H-C 25455, Wichita, KS. The APWU will select the second case, and the Postal Service will select the third case, and so forth, with each party alternating selections. Upon issuance of the Award in the first case, the next case shall be promptly scheduled and heard.

- In initiating the several August 27, 1998 grievances, the APWU intended to broadly encompass disputes over whether the positions belong in the bargaining unit or whether the positions contain duties which should be assigned to the bargaining unit. The parties shall apply the national level arbitration awards which are issued as a result of this settlement agreement as broadly as possible in an effort to resolve other pending EAS grievances raising the same or similar issues or arguments.

| | |
|---|---|
| Anthony J. Vegliante<br>Vice President<br>Labor Relations | Moe Biller<br>President<br>American Postal Workers<br>Union, AFL-CIO |
| Dated: 12/13/99 | Dated: 12/13/99 |

Mr. Moe Biller
President
American Postal Workers
- Union, AFL-CIO
1300 L Street, N.W.
Washington, DC 20005-4128

Re: EAS Secretary, Field

This settlement agreement represents an understanding between the parties to fully and completely resolve any and all issues and all currently pending grievances regarding the proper assignment of EAS secretaries in Mail Processing and Customer Service facilities.

1. The Postal Service agrees to limit the use of EAS secretaries in the current organizational structure to the following managers and/or their successor positions in any subsequent organizational structure:

    a) The District Manager, Customer Service
    b) Manager, Human Resources (District)
    c) Managers, Processing and Distribution Center/Facility or similar facility (e.g. Bulk Mail Center), or Manager, Remote Encoding Center - Level 23 and above
    d) Postmasters, EAS 26 and above

2. The Postal Service agrees to create a new Clerk Craft position entitled "Secretary, PS-6." The Secretary, PS-6, position is developed for use at District offices for management officials who directly report to the District Manager (except Manager Human Resources), or their successor positions in any subsequent organizational structure and Postmasters, EAS-24. Candidates for the newly created position shall be selected on a "best qualified" basis.

3. The initial staffing of the Secretary, PS-6, positions shall occur in the following fashion:

    a. Within 60 days after the first full pay period in January, incumbent EAS secretaries who are impacted by the provisions of the MOU will be given the option of immediately becoming a full-time Clerk Craft employee assigned to the newly created Secretary, PS-6, position.

Salary and seniority for those choosing to accept the new assignment shall be treated in accordance with the National Agreement and the Employee & Labor Relations Manual (ELM). Seniority shall be established in accordance with the National Agreement in effect at the time that the employee left the bargaining unit or, if never in the craft as of the date of the reassignment. In no event, however, shall an EAS secretary's position be abolished as a result of this settlement agreement. When an EAS secretary's position, not covered by Sections 1.a through d. above, becomes vacant for any reason, such vacancy, if filled, shall be posted as a bargaining unit position in accordance with the terms of this agreement.

b. In the event the provisions of a. above fail to produce a sufficient number of best qualified employees, the duty assignment will be posted for application by full-time Clerk Craft employees in the installation.

4. Future vacant Secretary, PS-6, duty assignments occurring after the initial staffing shall be filled in accordance with the applicable National Agreement provisions.

5. This settlement agreement does not apply to facilities excluded under the provisions of Article 1, Section 3.

6. This settlement agreement defines the proper use of bargaining and non-bargaining unit secretaries for specified managerial employees. This agreement shall not be used to establish mandatory staffing complement levels.

7. The parties have identified the following grievances as specifically being resolved by this settlement agreement:

H0C-NA-C 52; Q90C-4Q-C 93046872; Q90C-4Q-C 95058808;
H4C-4C-C 24116; H4C-4A-C 23474; H4C-4C-C 24121;
H90C-1H-C 93017080; H90C-1H-C 93017081; D90C-1D-C 93020593;
D90C-4D-C 94001226; E90C-1E-C 93045290; I90C-1L-C 94054139

If any additional grievances are discovered, which exist as of the date of this settlement agreement, the parties shall meet in good faith and resolve such grievances in accordance with the principles established in this settlement agreement.

8. This settlement agreement shall be without precedent as to any other dispute now pending or to arise in the future between and among these parties or involving any one or more of these parties, and shall not be cited or relied upon by any party in any current or future dispute, except any which may arise concerning enforcement of this settlement agreement.

In particular, and without limiting the reach of the foregoing sentence, the APWU and the Postal Service expressly agree that nothing in this MOU may be cited or used in any way to affect the resolution of any national level grievance.

_____
Anthony J. Vegliante
Vice President
Labor Relations

Dated: 12/13/99

_____
Moe Biller
President.
American Postal Workers
Union, AFL-CIO

Dated: 12/13/99