# CODE OF PROFESSIONAL RESPONSIBILITY
# FOR ARBITRATORS OF LABOR-MANAGEMENT DISPUTES

## OF THE

# NATIONAL ACADEMY OF ARBITRATORS
# AMERICAN ARBITRATION ASSOCIATION
# FEDERAL MEDIATION AND CONCILIATION SERVICE

As amended and in effect June 2003

## FOREWORD

This "Code of Professional Responsibility for Arbitrators of Labor-Management Disputes" supersedes the "Code of Ethics and Procedural Standards for Labor-Management Arbitration," approved in 1951 by a Committee of the American Arbitration Association, by the National Academy of Arbitrators, and by representatives of the Federal Mediation and Conciliation Service.

Revision of the 1951 Code was initiated officially by the same three groups in October, 1972. The following members of a Joint Steering Committee were designated to draft a proposal:

   Chair
   William E. Simkin

   Representing American Arbitration Association
   Frederick H. Bullen
   Donald B. Straus

   Representing Federal Mediation and Conciliation Service
   Lawrence B. Babcock, Jr.
   L. Lawrence Schultz

   Representing National Academy of Arbitrators
   Sylvester Garrett
   Ralph T. Seward

The proposal of the Joint Steering Committee was issued on November 30, 1974, and thereafter adopted by all three sponsoring organizations. Reasons for Code revision should be noted briefly. Ethical considerations and procedural standards were deemed to be sufficiently intertwined to warrant combining the subject matter of Parts I and II of the 1951 Code under the caption of "Professional Responsibility." It also seemed advisable to eliminate admonitions to the parties (Part III of the 1951 Code) except as they appear incidentally in connection with matters primarily involving responsibilities of arbitrators. The substantial growth of third-party participation in dispute resolution in the public sector required consideration, as did the fact that the arbitration of new contract terms had become more significant. Finally, during the interval of more than two decades, new problems had emerged as private-sector grievance arbitration matured and became more diversified.

In 1985, the provisions of 2 C. 1. c. were amended to specify certain procedures, deemed proper, which could be followed by an arbitrator seeking to determine if the parties are willing to consent to publication of an award.

In 1996, the wording of the Preamble was amended to reflect the intent that the provisions of the Code apply to covered arbitrators who agree to serve as impartial third parties in certain arbitration and related procedures, dealing with the rights and interests of employees in connection with their employment and/or representation by a union. Simultaneously, the provisions of 2 A. 3. were amended to make clear that an arbitrator has no obligation to accept an appointment to arbitrate under dispute procedures adopted unilaterally by an employer or union and to identify additional disclosure responsibilities for arbitrators who agree to serve under such procedures.

In 2001, the provisions of 1 C. were amended to eliminate the general prohibition of advertising, along with certain qualifying statements added in 1996, and replace it with a provision that permits advertising except that which is false or deceptive.

In 2003, 1 C. was amended further to reflect that the same standard applies to written solicitations of arbitration work, but that care must be taken to avoid compromising or giving the appearance of compromising the arbitrator's neutrality.

## TABLE OF CONTENTS

FOREWORD
TABLE OF CONTENTS
PREAMBLE


1. ARBITRATOR'S QUALIFICATIONS AND RESPONSIBILITIES TO THE PROFESSION

    A.   General Qualifications
    B.   Qualification for Special Cases
    C.   Responsibilities to the Profession

2. RESPONSIBILITIES TO THE PARTIES
    A.   Recognition of Diversity in Arbitration Arrangements
    B.   Required Disclosures
    C.   Privacy of Arbitration
    D.   Personal Relationships with the Parties
    E.   Jurisdiction
    F.   Mediation by an Arbitrator
    G.   Reliance by an Arbitrator on Other Awards
    H.   Use of Assistants
    I.   Consent Awards
    J.   Avoidance of Delay
    K.   Fees and Expenses

3. RESPONSIBILITIES TO ADMINISTRATIVE AGENCIES
    A. General Responsibilities

4. PREHEARING CONDUCT

5. HEARING CONDUCT
    A.   General Principles
    B.   Transcripts or Recordings
    C.   Ex Parte Hearings
    D.   Plant Visits
    E.   Bench Decisions or Expedited Awards

6.    POST HEARING CONDUCT
       A.    Post Hearing Briefs and Submissions
       B.    Disclosure of Terms of Award
       C.    Awards and Opinions
       D.    Clarification of Interpretation or Awards
       E.    Enforcement of Award

**PREAMBLE**

**Background**

The provisions of this Code deal with the voluntary arbitration of labor-management disputes and certain other arbitration and related procedures which have developed or become more common since it was first adopted.

Voluntary arbitration rests upon the mutual desire of management and labor in each collective bargaining relationship to develop procedures for dispute settlement which meet their own particular needs and obligations. No two voluntary systems, therefore, are likely to be identical in practice. Words used to describe arbitrators (Arbitrator, Umpire, Impartial Chair, Chair of Arbitration Board, etc.) may suggest typical approaches, but actual differences within any general type of arrangement may be as great as distinctions often made among the several types.

Arbitrators of labor-management disputes are sometimes asked to serve as impartial third parties under a variety of arbitration and related procedures dealing with the rights and interests of employees in connection with their employment and/or representation by a union. In some cases these procedures may not be the product of voluntary agreement between management and labor. They may be established by statute or ordinance, ad hoc agreement, individual employment contract, or through procedures unilaterally adopted by employers and unions. Some of the procedures may be designed to resolve disputes over new or revised contract terms, where the arbitrator may be referred to as a Fact Finder or a member of an Impasse Panel or Board of Inquiry, or the like. Others may be designed to resolve disputes over wrongful termination or other employment issues arising under the law, an implied or explicit individual employment contract, or an agreement to resolve a lawsuit. In some such cases the arbitrator may be referred to as an Appeal Examiner, Hearing Officer, Referee, or other like titles. Finally, some procedures may be established by employers to resolve employment disputes under personnel policies and handbooks or established by unions to resolve disputes with represented employees in agency shop or fair share cases.

The standards of professional responsibility set forth in this Code are intended to guide the impartial third party serving in all of these diverse procedures.

**Scope of Code**

This Code is a privately developed set of standards of professional behavior for arbitrators who are subject to its provisions. It applies to voluntary arbitration of labor-management disputes and the other arbitration and related procedures described in the Preamble, hereinafter referred to as "covered arbitration dispute procedures."

The word "arbitrator," as used hereinafter in the Code, is intended to apply to any impartial person, irrespective of specific title, who serves in a covered arbitration dispute procedure in which there is conferred authority to decide issues or to make formal recommendations.

The Code is not designed to apply to mediation or conciliation, as distinguished from arbitration,

nor to other procedures in which the third party is not authorized in advance to make decisions or recommendations. It does not apply to partisan representatives on tripartite boards. It does not apply to commercial arbitration or to uses of arbitration other than a covered arbitration dispute procedure as defined above.

## Format of Code

Bold Face type, sometimes including explanatory material, is used to set forth general principles. *Italics* are used for amplification of general principles. Ordinary type is used primarily for illustrative or explanatory comment.

## Application of Code

Faithful adherence by an arbitrator to this Code is basic to professional responsibility.

The National Academy of Arbitrators will expect its members to be governed in their professional conduct by this Code and stands ready, through its Committee on Professional Responsibility and Grievances, to advise its members as to the Code's interpretation. The American Arbitration Association and the Federal Mediation and Conciliation Service will apply the Code to the arbitrators on their rosters in cases handled under their respective appointment or referral procedures. Other arbitrators and administrative agencies may, of course, voluntarily adopt the Code and be governed by it.

In interpreting the Code and applying it to charges of professional misconduct, under existing or revised procedures of the National Academy of Arbitrators and of the administrative agencies, it should be recognized that while some of its standards express ethical principles basic to the arbitration profession, others rest less on ethics than on considerations of good practice. Experience has shown the difficulty of drawing rigid lines of distinction between ethics and good practice, and this Code does not attempt to do so. Rather, it leaves the gravity of alleged misconduct and the extent to which ethical standards have been violated to be assessed in the light of the facts and circumstances of each particular case.

## 1. ARBITRATOR'S QUALIFICATIONS AND RESPONSIBILITIES TO THE PROFESSION

### A. General Qualifications

1. **Essential personal qualifications of an arbitrator include honesty, integrity, impartiality and general competence in labor relations matters.**

   **An arbitrator must demonstrate ability to exercise these personal qualities faithfully and with good judgment, both in procedural matters and in substantive decisions.**

   a. Selection by mutual agreement of the parties or direct designation by an administrative agency are the effective methods of appraisal of this combination of an individual's potential and performance, rather than the fact of placement on a roster of an administrative agency or membership in a professional association of arbitrators.

2. **An arbitrator must be as ready to rule for one party as for the other on each issue, either in a single case or in a group of cases. Compromise by**

an arbitrator for the sake of attempting to achieve personal acceptability is unprofessional.

### B. Qualifications for Special Cases

1. **When an arbitrator decides that a case requires specialized knowledge beyond the arbitrator's competence, the arbitrator must decline appointment, withdraw, or request technical assistance.**

   a. An arbitrator may be qualified generally but not for specialized assignments. Some types of incentive, work standard, job evaluation, welfare program, pension, or insurance cases may require specialized knowledge, experience or competence. Arbitration of contract terms also may require distinctive background and experience.

   b. Effective appraisal by an administrative agency or by an arbitrator of the need for special qualifications requires that both parties make known the special nature of the case prior to appointment of the arbitrator.

### C. Responsibilities to the Profession

1. **An arbitrator must uphold the dignity and integrity of the office and endeavor to provide effective service to the parties.**

   a. To this end, an arbitrator should keep current with principles, practices and developments that are relevant to the arbitrator's field of practice.

2. **An arbitrator shall not make false or deceptive representations in the advertising and/or solicitation of arbitration work.**

3. **An arbitrator shall not engage in conduct that would compromise or appear to compromise the arbitrator's impartiality.**

   a. Arbitrators may disseminate or transmit truthful information about themselves through brochures or letters, among other means, provided that such material and information is disclosed, disseminated or transmitted in good faith to representatives of both management and labor.

4. **An experienced arbitrator should cooperate in the training of new arbitrators.**

## 2. RESPONSIBILITIES TO THE PARTIES

### A. Recognition of Diversity in Arbitration Arrangements

1. **An arbitrator should conscientiously endeavor to understand and observe, to the extent consistent with professional responsibility, the significant principles governing each arbitration system in which the arbitrator serves.**

   a. Recognition of special features of a particular arbitration arrangement can be essential with respect to procedural matters and may influence other

aspects of the arbitration process.

2. Such understanding does not relieve an arbitrator from a corollary responsibility to seek to discern and refuse to lend approval or consent to any collusive attempt by the parties to use arbitration for an improper purpose.

3. An arbitrator who is asked to arbitrate a dispute under a procedure established unilaterally by an employer or union, to resolve an employment dispute or agency shop or fair share dispute, has no obligation to accept such appointment. Before accepting such an appointment, an arbitrator should consider the possible need to disclose the existence of any ongoing relationships with the employer or union.

    a. If the arbitrator is already serving as an umpire, permanent arbitrator or panel member under a procedure where the employer or union has the right unilaterally to remove the arbitrator from such a position, those facts should be disclosed.

**B. Required Disclosures**

1. Before accepting an appointment, an arbitrator must disclose directly or through the administrative agency involved, any current or past managerial, representational, or consultative relationship with any company or union involved in a proceeding in which the arbitrator is being considered for appointment or has been tentatively designated to serve. Disclosure must also be made of any pertinent pecuniary interest.

    a. The duty to disclose includes membership on a Board of Directors, full-time or part-time service as a representative or advocate, consultation work for a fee, current stock or bond ownership (other than mutual fund shares or appropriate trust arrangements) or any other pertinent form of managerial, financial or immediate family interest in the company or union involved.

2. When an arbitrator is serving concurrently as an advocate for or representative of other companies or unions in labor relations matters, or has done so in recent years, such activities must be disclosed before accepting appointment as an arbitrator.

    An arbitrator must disclose such activities to an administrative agency if on that agency's active roster or seeking placement on a roster. Such disclosure then satisfies this requirement for cases handled under that agency's referral.

    a. It is not necessary to disclose names of clients or other specific details. It is necessary to indicate the general nature of the labor relations advocacy or representational work involved, whether for companies or unions or both, and a reasonable approximation of the extent of such activity.

    b. *An arbitrator on an administrative agency's roster has a continuing obligation to notify the agency of any significant changes pertinent to this requirement.*

  c. When an administrative agency is not involved, an arbitrator must make such disclosure directly unless the arbitrator is certain that both parties to the case are fully aware of such activities.

 3. **An arbitrator must not permit personal relationships to affect decision-making.**

  **Prior to acceptance of an appointment, an arbitrator must disclose to the parties or to the administrative agency involved any close personal relationship or other circumstance, in addition to those specifically mentioned earlier in this section, which might reasonably raise a question as to the arbitrator's impartiality.**

   a. Arbitrators establish personal relationships with many company and union representatives, with fellow arbitrators, and with fellow members of various professional associations. There should be no attempt to be secretive about such friendships or acquaintances but disclosure is not necessary unless some feature of a particular relationship might reasonably appear to impair impartiality.

 4. **If the circumstances requiring disclosure are not known to the arbitrator prior to acceptance of appointment, disclosure must be made when such circumstances become known to the arbitrator.**

 5. **The burden of disclosure rests on the arbitrator. After appropriate disclosure, the arbitrator may serve if both parties so desire. If the arbitrator believes or perceives that there is a clear conflict of interest, the arbitrator should withdraw, irrespective of the expressed desires of the parties.**

**C. Privacy of Arbitration**

 1. **All significant aspects of an arbitration proceeding must be treated by the arbitrator as confidential unless this requirement is waived by both parties or disclosure is required or permitted by law.**

  a. Attendance at hearings by persons not representing the parties or invited by either or both of them should be permitted only when the parties agree or when an applicable law requires or permits. Occasionally, special circumstances may require that an arbitrator rule on such matters as attendance and degree of participation of counsel selected by a grievant.

  b. *Discussion of a case at any time by an arbitrator with persons not involved directly should be limited to situations where advance approval or consent of both parties is obtained or where the identity of the parties and details of the case are sufficiently obscured to eliminate any realistic probability of identification.*

  A commonly recognized exception is discussion of a problem in a case with a fellow arbitrator. *Any such discussion does not relieve the arbitrator who is acting in the case from sole responsibility for the decision and the discussion must be considered as confidential.*

  Discussion of aspects of a case in a classroom without prior specific

approval of the parties is not a violation provided the arbitrator is satisfied that there is no breach of essential confidentiality.

   c. *It is a violation of professional responsibility for an arbitrator to make public an award without the consent of the parties.*

   *An arbitrator may ask the parties whether they consent to the publication of the award either at the hearing or at the time the award is issued.*

      (1) *If such question is asked at the hearing it should be asked in writing as follows:*

         *"Do you consent to the submission of the award in this matter for publication?*



           YES           NO

         *If you consent, you have the right to notify the arbitrator within 30 days after the date of the award that you revoke your consent."*

         *It is desirable but not required that the arbitrator remind the parties at the time of the issuance of the award of their right to withdraw their consent to publication.*

      (2) *If the question of consent to the publication of the award is raised at the time the award is issued, the arbitrator may state in writing to each party that failure to answer the inquiry within 30 days will be considered an implied consent to publish.*

   d. *It is not improper for an arbitrator to donate arbitration files to a library of a college, university or similar institution without prior consent of all parties involved. When the circumstances permit, there should be deleted from such donations any cases concerning which one or both of the parties have expressed a desire for privacy. As an additional safeguard, an arbitrator may also decide to withhold recent cases or indicate to the donee a time interval before such cases can be made generally available.*

   e. *Applicable laws, regulations, or practices of the parties may permit or even require exceptions to the above noted principles of privacy.*

### D. Personal Relationships with the Parties

**1. An arbitrator must make every reasonable effort to conform to arrangements required by an administrative agency or mutually desired by the parties regarding communications and personal relationships with the parties.**

   a. *Only an "arm's-length" relationship may be acceptable to the parties in some arbitration arrangements or may be required by the rules of an administrative agency. The arbitrator should then have no contact of consequence with representatives of either party while handling a case without the other party's presence or consent.*

      b. *In other situations, both parties may want communications and personal relationships to be less formal. It is then appropriate for the arbitrator to respond accordingly.*

### E. Jurisdiction

1. **An arbitrator must observe faithfully both the limitations and inclusions of the jurisdiction conferred by an agreement or other submission under which the arbitrator serves.**

2. **A direct settlement by the parties of some or all issues in a case, at any stage of the proceedings, must be accepted by the arbitrator as removing further jurisdiction over such issues.**

### F. Mediation by an Arbitrator

1. **When the parties wish at the outset to give an arbitrator authority both to mediate and to decide or submit recommendations regarding residual issues, if any, they should so advise the arbitrator prior to appointment. If the appointment is accepted, the arbitrator must perform a mediation role consistent with the circumstances of the case.**

    a. *Direct appointments, also, may require a dual role as mediator and arbitrator of residual issues. This is most likely to occur in some public sector cases.*

2. **When a request to mediate is first made after appointment, the arbitrator may either accept or decline a mediation role.**

    a. *Once arbitration has been invoked, either party normally has a right to insist that the process be continued to decision.*

    b. *If one party requests that the arbitrator mediate and the other party objects, the arbitrator should decline the request.*

    c. *An arbitrator is not precluded from suggesting mediation. To avoid the possibility of improper pressure, the arbitrator should not so suggest unless it can be discerned that both parties are likely to be receptive. In any event, the arbitrator's suggestion should not be pursued unless both parties readily agree.*

### G. Reliance by an Arbitrator on Other Arbitration Awards or on Independent Research

1. **An arbitrator must assume full personal responsibility for the decision in each case decided.**

    a. *The extent, if any, to which an arbitrator properly may rely on precedent, on guidance of other awards, or on independent research is dependent primarily on the policies of the parties on these matters, as expressed in the contract, or other agreement, or at the hearing.*

      b. When the mutual desires of the parties are not known or when the parties express differing opinions or policies, the arbitrator may exercise discretion as to these matters, consistent with the acceptance of full personal responsibility for the award.

### H. Use of Assistants

1. **An arbitrator must not delegate any decision-making function to another person without consent of the parties.**

    a. *Without prior consent of the parties, an arbitrator may use the services of an assistant for research, clerical duties, or preliminary drafting under the direction of the arbitrator, which does not involve the delegation of any decision-making function.*

    b. *If an arbitrator is unable, because of time limitations or other reasons, to handle all decision-making aspects of a case, it is not a violation of professional responsibility to suggest to the parties an allocation of responsibility between the arbitrator and an assistant or associate. The arbitrator must not exert pressure on the parties to accept such a suggestion.*

### I. Consent Awards

1. **Prior to issuance of an award, the parties may jointly request the arbitrator to include in the award certain agreements between them, concerning some or all of the issues. If the arbitrator believes that a suggested award is proper, fair, sound, and lawful, it is consistent with professional responsibility to adopt it.**

    a. *Before complying with such a request, an arbitrator must be certain of understanding the suggested settlement adequately in order to be able to appraise its terms. If it appears that pertinent facts or circumstances may not have been disclosed, the arbitrator should take the initiative to assure that all significant aspects of the case are fully understood. To this end, the arbitrator may request additional specific information and may question witnesses at a hearing.*

### J. Avoidance of Delay

1. **It is a basic professional responsibility of an arbitrator to plan a work schedule so that    present and future commitments will be fulfilled in a timely manner.**

    a. *When planning is upset for reasons beyond the control of the arbitrator, every reasonable effort should nevertheless be exerted to fulfill all commitments. If this is not possible, prompt notice at the arbitrator's initiative should be given to all parties affected. Such notices should include reasonably accurate estimates of any additional time required. To the extent possible, priority should be given to cases in process so that other parties may make alternative arbitration arrangements.*

2. **An arbitrator must cooperate with the parties and with any**

administrative agency involved in avoiding delays.

> a. *An arbitrator on the active roster of an administrative agency must take the initiative in advising the agency of any scheduling difficulties that can be foreseen.*
>
> b. *Requests for services, whether received directly or through an administrative agency, should be declined if the arbitrator is unable to schedule a hearing as soon as the parties wish. If the parties, nevertheless, jointly desire to obtain the services of the arbitrator and the arbitrator agrees, arrangements should be made by agreement that the arbitrator confidently expects to fulfill.*
>
> c. *An arbitrator may properly seek to persuade the parties to alter or eliminate arbitration procedures or tactics that cause unnecessary delay.*

3. **Once the case record has been closed, an arbitrator must adhere to the time limits for an award, as stipulated in the labor agreement or as provided by regulation of an administrative agency or as otherwise agreed.**

> a. *If an appropriate award cannot be rendered within the required time, it is incumbent on the arbitrator to seek an extension of time from the parties.*
>
> b. If the parties have agreed upon abnormally short time limits for an award after a case is closed, the arbitrator should be so advised by the parties or by the administrative agency involved, prior to acceptance of appointment.

**K. Fees and Expenses**

1. **An arbitrator occupies a position of trust in respect to the parties and the administrative agencies. In charging for services and expenses, the arbitrator must be governed by the same high standards of honor and integrity that apply to all other phases of arbitration work.**

   **An arbitrator must endeavor to keep total charges for services and expenses reasonable and consistent with the nature of the case or cases decided.**

   **Prior to appointment, the parties should be aware of or be able readily to determine all significant aspects of an arbitrator's bases for charges for fees and expenses.**

   > a. *Services Not primarily Chargeable on a per Diem Basis*
   >
   > By agreement with the parties, the financial aspects of many "permanent" arbitration assignments, of some interest disputes, and of some "ad hoc" grievance assignments do not include a per diem fee for services as a primary part of the total understanding. *In such situations, the arbitrator must adhere faithfully to all agreed-upon arrangements governing fees and expenses.*
   >
   > b. *Per Diem Basis for Charges for Services*

(1) When an arbitrator's charges for services are determined primarily by a stipulated per diem fee, the arbitrator should establish in advance the bases for application of such per diem fee and for determination of reimbursable expenses.

*Practices established by an arbitrator should include the basis for charges, if any, for:*

(a) hearing time, including the application of the stipulated basic per diem hearing fee to hearing days of varying lengths;

(b) study time;

(c) necessary travel time when not included in charges for hearing time;

(d) postponement or cancellation of hearings by the parties and the circumstances in which such charges will normally be assessed or waived;

(e) office overhead expenses (secretarial, telephone, postage, etc.);

(f) the work of paid assistants or associates.

(2) *Each arbitrator should be guided by the following general principles:*

(a) *Per diem charges for a hearing should not be in excess of actual time spent or allocated for the hearing.*

(b) *Per diem charges for study time should not be in excess of actual time spent.*

(c) *Any fixed ratio of study days to hearing days, not agreed to specifically by the parties, is inconsistent with the per diem method of charges for services.*

(d) *Charges for expenses must not be in excess of actual expenses normally reimbursable and incurred in connection with the case or cases involved.*

(e) *When time or expense are involved for two or more sets of parties on the same day or trip, such time or expense charges should be appropriately prorated.*

(f) *An arbitrator may stipulate in advance a minimum charge for a hearing without violation of (a) or (e) above.*

(3) *An arbitrator on the active roster of an administrative agency must file with the agency the individual bases for determination of fees and expenses if the agency so requires. Thereafter, it is the responsibility of each such arbitrator to advise the agency promptly of any change in any basis for charges.*

Such filing may be in the form of answers to a questionnaire devised by an agency or by any other method adopted by or approved by an agency.

> *Having supplied an administrative agency with the information noted above, an arbitrator's professional responsibility of disclosure under this Code with respect to fees and expenses has been satisfied for cases referred by that agency.*
>
> *(4) If an administrative agency promulgates specific standards with respect to any of these matters which are in addition to or more restrictive than an individual arbitrator's standards, an arbitrator on its active roster must observe the agency standards for cases handled under the auspices of that agency, or decline to serve.*
>
> *(5) When an arbitrator is contacted directly by the parties for a case or cases, the arbitrator has a professional responsibility to respond to questions by submitting the bases for charges for fees and expenses.*
>
> *(6) When it is known to the arbitrator that one or both of the parties cannot afford normal charges, it is consistent with professional responsibility to charge lesser amounts to both parties or to one of the parties if the other party is made aware of the difference and agrees.*
>
> *(7) If an arbitrator concludes that the total of charges derived from the normal basis of calculation is not compatible with the case decided, it is consistent with professional responsibility to charge lesser amounts to both parties.*

   2. **An arbitrator must maintain adequate records to support charges for services and expenses and must make an accounting to the parties or to an involved administrative agency on request.**

## 3. RESPONSIBILITIES TO ADMINISTRATIVE AGENCIES

   **A. General Responsibilities**

   1. **An arbitrator must be candid, accurate, and fully responsive to an administrative agency concerning qualifications, availability, and all other pertinent matters.**

   2. **An arbitrator must observe policies and rules of an administrative agency in cases referred by that agency.**

   3. **An arbitrator must not seek to influence an administrative agency by any improper means, including gifts or other inducements to agency personnel.**

      a. It is not improper for a person seeking placement on a roster to request references from individuals having knowledge of the applicant's experience and qualifications.

      b. Arbitrators should recognize that the primary responsibility of an administrative agency is to serve the parties.

## 4. PREHEARING CONDUCT

1. **All prehearing matters must be handled in a manner that fosters complete impartiality by the arbitrator.**

    a. The primary purpose of prehearing discussions involving the arbitrator is to obtain agreement on procedural matters so that the hearing can proceed without unnecessary obstacles. If differences of opinion should arise during such discussions and, particularly, if such differences appear to impinge on substantive matters, the circumstances will suggest whether the matter can be resolved informally or may require a prehearing conference or, more rarely, a formal preliminary hearing. When an administrative agency handles some or all aspects of the arrangements prior to a hearing, the arbitrator will become involved only if differences of some substance arise.

    b. Copies of any prehearing correspondence between the arbitrator and either party must be made available to both parties.

## 5. HEARING CONDUCT

### A. General Principles

1. **An arbitrator must provide a fair and adequate hearing which assures that both parties have sufficient opportunity to present their respective evidence and argument.**

    a. *Within the limits of this responsibility, an arbitrator should conform to the various types of hearing procedures desired by the parties.*

    b. An arbitrator may: encourage stipulations of fact; restate the substance of issues or arguments to promote or verify understanding; question the parties' representatives or witnesses, when necessary or advisable, to obtain additional pertinent information; and request that the parties submit additional evidence, either at the hearing or by subsequent filing.

    c. *An arbitrator should not intrude into a party's presentation so as to prevent that party from putting forward its case fairly and adequately.*

### B. Transcripts or Recordings

1. **Mutual agreement of the parties as to use or non-use of a transcript must be respected by the arbitrator.**

    a. *A transcript is the official record of a hearing only when both parties agree to a transcript or an applicable law or regulation so provides.*

    b. An arbitrator may seek to persuade the parties to avoid use of a transcript, or to use a transcript if the nature of the case appears to require one. *However, if an arbitrator intends to make appointment to a case contingent on mutual agreement to a transcript, that requirement must be made known to both parties prior to appointment.*

    c. If the parties do not agree to a transcript, an arbitrator may permit one party to take a transcript at its own cost. The arbitrator may also make

        appropriate arrangements under which the other party may have access to a copy, if a copy is provided to the arbitrator.

    d. Without prior approval, an arbitrator may seek to use a personal tape recorder to supplement note taking. The arbitrator should not insist on such a tape recording if either or both parties object.

### C. Ex Parte Hearings

1. In determining whether to conduct an ex parte hearing, an arbitrator must consider relevant legal, contractual, and other pertinent circumstances.

2. An arbitrator must be certain, before proceeding ex parte, that the party refusing or failing to attend the hearings has been given adequate notice of the time, place, and purposes of the hearing.

### D. Plant Visits

1. An arbitrator should comply with a request of any party that the arbitrator visit a work area pertinent to the dispute prior to, during, or after a hearing. An arbitrator may also initiate such a request.

    a. Procedures for such visits should be agreed to by the parties in consultation with the arbitrator.

### E. Bench Decisions or Expedited Awards

1. When an arbitrator understands, prior to acceptance of appointment, that a bench decision is expected at the conclusion of the hearing, the arbitrator must comply with the understanding unless both parties agree otherwise.

    a. *If notice of the parties' desire for a bench decision is not given prior to the arbitrator's acceptance of the case, issuance of such a bench decision is discretionary.*

    b. *When only one party makes the request and the other objects, the arbitrator should not render a bench decision except under most unusual circumstances.*

2. When an arbitrator understands, prior to acceptance of appointment, that a concise written award is expected within a stated time period after the hearing, the arbitrator must comply with the understanding unless both parties agree otherwise.

## 6. POST HEARING CONDUCT

### A. Post Hearing Briefs and Submissions

1. An arbitrator must comply with mutual agreements in respect to the filing or nonfiling of post hearing briefs or submissions.

   a. An arbitrator may either suggest the filing of post hearing briefs or other submissions or suggest that none be filed.

   b. When the parties disagree as to the need for briefs, an arbitrator may permit filing but may determine a reasonable time limitation.

2. **An arbitrator must not consider a post hearing brief or submission that has not been provided to the other party.**

### B. Disclosure of Terms of Award

1. **An arbitrator must not disclose a prospective award to either party prior to its simultaneous issuance to both parties or explore possible alternative awards unilaterally with one party, unless both parties so agree.**

   a. Partisan members of tripartite boards may know prospective terms of an award in advance of its issuance. Similar situations may exist in other less formal arrangements mutually agreed to by the parties. In any such situation, the arbitrator should determine and observe the mutually desired degree of confidentiality.

### C. Awards and Opinions

1. **The award should be definite, certain, and as concise as possible.**

   a. When an opinion is required, factors to be considered by an arbitrator include: desirability of brevity, consistent with the nature of the case and any expressed desires of the parties; need to use a style and form that is understandable to responsible representatives of the parties, to the grievant and supervisors, and to others in the collective bargaining relationship; necessity of meeting the significant issues; forthrightness to an extent not harmful to the relationship of the parties; and avoidance of gratuitous advice or discourse not essential to disposition of the issues.

### D. Clarification or Interpretation of Awards

1. **No clarification or interpretation of an award is permissible without the consent of both parties.**

2. **Under agreements which permit or require clarification or interpretation of an award, an arbitrator must afford both parties an opportunity to be heard.**

### E. Enforcement of Award

1. **The arbitrator's responsibility does not extend to the enforcement of an award.**

2. **In view of the professional and confidential nature of the arbitration relationship, an arbitrator should not voluntarily participate in legal**

**enforcement proceedings.**

Case 1:05-cv-01771-HHK    Document 14-7    Filed 06/28/2006    Page 17 of 17

**enforcement proceedings.**

CODE OF PROFESSIONAL RESPONSIBILITY