UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN POSTAL WORKERS UNION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action Nos.: 04-1404 (HHK) |
| v. | ) ) ) | 05-1771 (HHK) |
| UNITED STATES POSTAL SERVICE, | ) ) ) | |
| Defendant. | ) ) | |

**ANSWER**

On March 23, 2006 the Court ordered the consolidation of Civil Action No. 04-1404 and Civil Action No. 05-1771. Defendant, the United States Postal Service, by its undersigned attorneys, hereby answers the allegations of each complaint in turn. With respect to the complaint in no. 04-1404 Defendant answers as follows:

**FIRST DEFENSE**

Plaintiff has failed to exhaust arbitral remedies before bringing this action.

**SECOND DEFENSE**

It is not possible for the Court to order arbitration of the third grievance under the existing agreement to arbitrate.

**THIRD DEFENSE**

In response to the numbered paragraphs of the Complaint, defendant admits, denies, or otherwise avers as follows:

1. This paragraph is plaintiff's characterization of this action for which no answer is required. To the extent a response may be deemed required, the Postal Service denies the

allegation of this paragraph except admits the Court has jurisdiction of this action under 39 U.S.C. § 1208(b).

## JURISDICTION AND VENUE

2. This paragraph is a statement of jurisdiction for which no answer is required. To the extent a response may be deemed required, the Postal Service admits the Court has jurisdiction over this action, except to the extent that failure to exhaust arbitral remedies is jurisdictional.

3. This paragraph is a statement of venue for which no answer is required. To the extent a response may be deemed required, the Postal Service admits venue properly lies in this Court.

## PARTIES

4. The Postal Service admits the allegations of this paragraph and avers that the APWU represents less than 300,000 employees at this time.

5. The Postal Service admits the allegations of this paragraph.

## FACTUAL ALLEGATIONS

6. The Postal Service admits the allegations of this paragraph.

7. The Postal Service admits the allegations of this paragraph.

8. The Postal Service admits the allegations of this paragraph because the 1999 Unit Clarification Settlement does contain the quoted language. Indeed, the document speaks for itself.

9. The Postal Service admits that the 1999 Unit Clarification Settlement obligates the parties to arbitrate a series of six grievances before a particular arbitrator, and avers that the document otherwise speaks for itself. To the extent that this paragraph may contain additional allegations, the Postal Service is unable to admit or deny them.

10. The Postal Service admits the allegations of this paragraph because the 1999 Unit Clarification Settlement does contain the quoted language. Indeed, the document speaks for itself.

11. The Postal Service admits that Arbitrator Snow conducted the hearing in Case No. H4C-4H-C 25455 on June 22, 2000 pursuant to the 1999 Unit Clarification Settlement.

12. The Postal Service admits the allegations of this paragraph.

13. The Postal Service admits the allegations of this paragraph.

14. The Postal Service admits that Arbitrator Snow conducted the hearing in Case No. Q94C-4Q-C 98117564 on February 22, 2002 and July 23, 2002 pursuant to the 1999 Unit Clarification Settlement. To the extent that the paragraph makes any additional allegations, the Postal Service denies them.

15. The Postal Service admits that Arbitrator Snow rendered a decision in Case No. Q94C-4Q-C 98117564 on April 29, 2003. To the extent that the paragraph makes any additional allegations, the Postal Service denies them.

16. This paragraph contains legal conclusions for which no response is required. To the extent a response is deemed required, the Postal Service denies the allegations of this paragraph.

17. The Postal Service admits that the APWU first contacted the Postal Service to schedule the third case for arbitration in a letter dated July 15, 2004, more than fifteen months following the second decision. To the extent that the paragraph makes any additional allegations, the Postal Service denies them.

18. This paragraph contains legal conclusions for which no response is required. To the extent a response is deemed required, the Postal Service denies the allegations of this paragraph.

19. This paragraph contains legal conclusions for which no response is required. To the extent a response is deemed required, the Postal Service denies the allegations of this paragraph.

Except to the extent expressly admitted or qualified above, the Postal Service denies each and every allegation in the Complaint.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint is a prayer for relief to which no answer is required, but to the extent an answer is deemed required, Defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

## COMPLAINT No. 05-1771

With respect to the Complaint in case number 05-1771, Defendant, by its undersigned attorneys, hereby answers as follows:

### FIRST DEFENSE

Plaintiff has failed to exhaust arbitral remedies before bringing this action.

### SECOND DEFENSE

It is not possible for the Court to order arbitration of the third grievance under the existing agreement to arbitrate.

### THIRD DEFENSE

In response to the numbered paragraphs of the Complaint, defendant admits, denies, or otherwise avers as follows:

1. This paragraph is plaintiff's characterization of this action for which no answer is required. To the extent a response may be deemed required, the Postal Service denies the

allegation of this paragraph except admits the Court has jurisdiction of this action under 39 U.S.C. § 1208(b).

## JURISDICTION AND VENUE

2. This paragraph is a statement of jurisdiction for which no answer is required. To the extent a response may be deemed required, the Postal Service admits the Court has jurisdiction over this action, except to the extent that failure to exhaust arbitral remedies is jurisdictional.

3. This paragraph is a statement of venue for which no answer is required. To the extent a response may be deemed required, the Postal Service admits venue properly lies in this Court.

## PARTIES

4. The Postal Service admits the allegations of this paragraph.

5. The Postal Service admits the allegations of this paragraph.

## FACTUAL ALLEGATIONS

6. The Postal Service admits the allegations of this paragraph.

7. The Postal Service admits the allegations of this paragraph.

8. The Postal Service admits the allegations of this paragraph because the 1999 Unit Clarification Settlement does contains the quoted language. Indeed, the document speaks for itself.

9. The Postal Service admits the allegations of this paragraph because the 1999 Unit Clarification Settlement does contains the quoted language. Indeed, the document speaks for itself.

10. The Postal Service admits that Settlement Agreement specified grievances to be resolved and that case number Q94C-4Q-C 98117564 is one in a series of six grievances the

parties agreed to arbitrate before a particular arbitrator. Indeed, the document speaks for itself. To the extent that the paragraph may make any additional allegations, the Postal Service denies them.

11. The Postal Service admits that Arbitrator Snow conducted the hearing in Case No. Q94C-4Q-C 98117564 on February 22, 2002 and July 23, 2002 pursuant to the 1999 Unit Clarification Settlement. To the extent that the paragraph makes any additional allegations, the Postal Service denies them.

12. The Postal Service admits that Arbitrator Snow rendered a decision in Case No. Q94C-4Q-C 98117564 on April 29, 2003. To the extent that this paragraph makes additional allegations, the Postal Service denies them.

13. The Postal Service admits that Arbitrator Snow's decision in Case No. Q94C-4Q-C 98117564 contains the quoted language. Indeed, the document speaks for itself.

14. This paragraph contains legal conclusions for which no response is required. To the extent a response is deemed required, the Postal Service denies the allegations of this paragraph.

15. The Postal Service admits that it has applied the provisions of the parties' collective bargaining agreement that when an issue is pending at the national level, any grievances presenting that issue will be held in abeyance locally at the appropriate step until the resolution of the national-level issue. The Postal Service denies any other allegations in this paragraph.

16. The Postal Service admits that, pursuant to the parties' collective bargaining agreement, the Postal Service instructed the appropriate labor relations manager to hold district level case number C00C-4C-C 03175549 in abeyance because it involves the same or substantially similar issues or facts as case number Q94C-4Q-C 98117564 which is currently at

the national level, but denies any remaining allegations in this paragraph.

17. This paragraph contains legal conclusions for which no response is required. To the extent a response is deemed required, the Postal Service denies the allegations of this paragraph.

18. This paragraph contains legal conclusions for which no response is required. To the extent a response is deemed required, the Postal Service denies the allegations of this paragraph.

## COUNT I
### (ENFORCE ARBITRATION AWARD)

19. The Postal Service incorporates its responses to paragraphs one through eighteen of the answer to Complaint with docket number 05-1771 as though fully set forth herein.

20. This paragraph contains legal conclusions and a prayer for relief for which no response is required. To the extent a response is deemed required, the Postal Service denies the allegations of this paragraph and denies that plaintiff is entitled to any relief.

## COUNT II
### (COMPEL ARBITRATION OF AMS SPECIALIST GRIEVANCES)

21. The Postal Service incorporates its responses to paragraphs one through twenty of the answer to Complaint with docket number 05-1771 as though fully set forth herein.

22. The Postal Service admits that, pursuant to the parties' collective bargaining agreement, the Postal Service instructed the appropriate labor relations manager to hold district level case number C00C-4C-C 03175549 in abeyance because it involves the same or substantially similar issues or facts as case number Q94C-4Q-C 98117564 which is currently at the national level. The Postal Service denies any other allegations in this paragraph.

23. This paragraph contains legal conclusions for which no response is required. To the extent a response is deemed required, the Postal Service denies the allegations of this paragraph.

Except to the extent expressly admitted or qualified above, the Postal Service denies each and every allegation in the Complaint.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint is a prayer for relief to which no answer is required, but to the extent an answer is deemed required, Defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

July 21, 2006                               Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

    /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

OF COUNSEL:
Peter J. Henry
Labor Counsel
United States Postal Service