UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 04-1404 (HHK) |
| UNITED STATES POSTAL SERVICE, | ) ) ) | |
| Defendant. | ) ) | |

**MOTION TO STRIKE DEFENDANT'S ANSWER**

Plaintiff American Postal Workers Union, AFL-CIO ("APWU") asks the Court to strike the answer filed by the U.S. Postal Service on July 21, 2006. The answer was filed grossly out-of-time without explanation, permission from the Court, or consent from the APWU. It should, therefore, be struck from the record.

On June 28, 2006, the APWU filed a motion for summary judgment in these consolidated cases in which it relied on the Postal Service's lack of an answer to the APWU's complaints as establishing the absence of a genuine dispute on certain material facts. As reviewed in that summary judgment motion [dkt. # 19], the Postal Service had earlier filed motions to dismiss which were opposed by the APWU. By Memorandum Opinion and Order docketed on March 23, 2006, the Court denied the Postal Service's motions.

Since the issuance of the Court's March 23rd Order, the Postal Service never filed an answer as required by Rule 12 of the Federal Rules of Civil Procedure until now. An answer to a complaint must be served within ten days after notice of the court's action on a motion to dismiss. F.R.C.P. 12(a)(4)(A). The Postal Service's answer was filed 120 days after the Court's Order. Although

counsel for the Postal Service filed for, and was granted, an extension of time to respond to the APWU's summary judgment motion [dkt. # 20; minute order 7/12/06], the APWU did not consent, nor was it asked, to this late filing of the Postal Service's answer. The APWU is unaware of any concurrent filings by the Postal Service seeking the Court's permission or giving explanation for its extraordinarily late answer.

Although the Postal Service's answer largely admits the factual allegations in the APWU's complaints, the Postal Service has already admitted these facts and waived any affirmative defenses by not answering. If the Postal Service nonetheless believes it is procedurally valuable to file an answer, it should be required to do so timely like all other litigants. Therefore, particularly because it was filed without leave of the Court, but at least because it is grossly out-of-time, the Postal Service's answer should be struck from the record.

Counsel for the Postal Service does not consent to this motion.

Date:   July 24, 2006                    Respectfully submitted,

                                         O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                                        "/s/"
                                         By:_____
                                            Anton G. Hajjar
                                               ahajjar@odsalaw.com
                                            Melinda K. Holmes
                                               mholmes@odsalaw.com
                                            1300 L Street N.W., Suite 1200
                                            Washington, DC 20005-4178
                                            (202) 898-1707/ FAX (202) 682-9276