UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Civil Action No.: 04-1404 (HHK)<br>05-1771 |

### DECLARATION OF CLIFTON W. WILCOX

I, Clifton W. Wilcox, make the following Declaration in lieu of affidavit in accordance with the provisions of 28 U.S.C. § 1746. I understand that my declaration is to be filed in the above captioned action in the United States District Court for the District of Columbia and that it is the equivalent to a statement under oath.

(1) I am over the age of 18 and am competent to testify. The statements made herein are based upon my personal knowledge, upon information made available to me in my official capacity, and upon conclusions and determinations reached and made therewith.

(2) I am currently a Labor Relations Specialist in the Contract Administration office responsible for relations with the American Postal Workers Union. I have held this position since April 2006 and work in U.S. Postal Service Labor Relations at Headquarters in Washington, D.C. Prior to this position, I worked in the Postal Service Compensation office at Postal Service Headquarters from August 2003 to April 2006. I have worked for the Postal Service in a variety of positions since 1994.

(3) I participated in the preparation for the hearing of the Postal Service petition to clarify the APWU bargaining unit to exclude the AMS Specialist position (NLRB Case 5-UC-386). I worked closely with the Postal Service attorney assigned to the case. I performed research, obtained documents, and spoke with potential witnesses.

(4) On February 23, 2007, the NLRB issued the decision clarifying the APWU unit to exclude the AMS Specialist classification. A true and correct copy of the Decision and Order Clarifying Unit is attached hereto as attachment 1. Neither party requested review of the Board's February 23 clarification decision.

(5) The Postal Service amended its unit clarification petition in Case 5-UC-386 to narrow the scope of the petition to clarify the exclusion of the AMS Specialist position. A true and correct copy of the Postal Service's amended petition in 5-UC-386 (Sept. 27, 2006) is attached hereto as attachment 2.

(6) The Board had scheduled the hearing to begin February 20, 2007 and continue on consecutive days until completed. A true and correct copy of the Notice of Representation Hearing (Dec. 28, 2006) is attached hereto as attachment 3.

(7) Shortly before the hearing, the APWU requested that the Board dismiss the Postal Service's clarification petition by letter dated February 1, 2007. The APWU attached a letter dated January 29, 2007, to its request for dismissal. A true and correct copy of the APWU request for dismissal is attached hereto as attachment 4.

(8) On February 7, 2007 the Board ordered the Postal Service to show cause why the petition to clarify the APWU unit should not be dismissed. A true and correct copy of the NLRB's show cause order is attached hereto as attachment 5.

(9) The Postal Service responded to the NLRB's order to show cause on February 13, 2007. A true and correct copy of the Postal Service's response is attached hereto as attachment 6.

(10) The Board cancelled the hearing of the Postal Service unit clarification petition concerning the AMS Specialists on or about February 15, 2007.

(11) The Postal Service established the AMS Specialist position no later than October 19, 1992. A true and correct copy of the AMS Specialist Position Description (Oct. 19, 1992) is attached hereto as attachment 7.

(12) Page 32 of the AMS decision states that the Union filed an unfair labor practice in 1992 when, in fact, the APWU filed a unit clarification petition in 1997. A true and correct copy of relevant portions of the transcript of the hearing before Arbitrator Snow (case Q94C-4Q-C 98117564) is attached hereto as attachment 8.

(13) The NLRB has previously found that "[a]ll non-bargaining unit positions, with the exception of high-ranking executives [,] are placed in the EAS series." A true and correct copy of the NLRB Decision and Order Dismissing Petition, Case No. 5-UC-374 (Nov. 26, 2001) is attached hereto as attachment 9.

(14) The establishment of the AMS Specialist position occurred during the term of the parties' 1990 labor contract. A true and correct copy of relevant excerpts from the 1990 USPS-APWU and NALC Agreement are attached hereto as attachment 10. Article 43 of the contract states that, unless otherwise provided, the agreement was effective on June 12, 1991 and expired on November 20, 1994.

(15) The effective date of successor collective bargaining agreement to the 1990 contract was October 1, 1995. A true and correct copy of relevant excerpts from the 1994 USPS-APWU and NALC Agreement are attached hereto as attachment 11.

(16) In 1997, the APWU filed a unit clarification petition that encompassed, among many other positions, the AMS Specialist classification. A true and correct copy of the APWU Petition for Clarification of Bargaining Unit, 5-UC-353, dated Oct. 27, 1997, is attached hereto as attachment 12.

(17) The parties have not conducted an individualized assessment of the work performed by the AMS Specialists to avoid the indiscriminate removal of work from the AMS classification.

(18) During negotiation of the 2006 APWU-USPS collective bargaining agreement, the parties made no changes to the text of Article 15. However, the grievance and arbitration is process, though substantially similar, is not identical to the process in the 2000 APWU-USPS contract.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing declaration is true and correct. Executed in Washington, D.C.

_____
Clifton W. Wilcox
Date: 03/28/2007